## GEORGE M. SAVAGE *v.* ELIZA FOY AND HUSBAND.

When boundaries between two tracts of land are fixed and determined by acts of the same date, passed by the mutual vendors of the claimants, more than a quarter of a century before the existence of any controversy, and acquiesced in by all parties for that long period of time, they must remain undisturbed.

When an owner has alienated one or two estates which belonged to him, and the property, or any part of it, is contested, the limits assigned to it by the vendor at the time of the sale, must be consulted. The limits anciently subsisting between the two estates must not be regarded, because the designation which the vendor makes of the metes and bounds, forms new limits between the two estates, or between the parts of them which he has sold. C. C. 840.

In this case the plaintiff joined a claim for the price of a slave to his action of boundary. *Per Curiam.* We do not wish to be considered as approving such an impropriety in pleading as this; but considering that substantial justice has been done in this branch of the case, by the judgment of the district judge, we shall not disturb it.

APPEAL from the District Court of the Parish of Ouachita, *Sharpe*, J *McGuire* and *Ray*, for plaintiff. *Baker* and *Morrison*, for defendants. By the court :

DUNBAR, J. This is an action of boundary. The plaintiff claims title under various mesne conveyances from *C.* and *C. A. Betin.* On the 14th December, 1825, *C.* and *C. A. Betin* sold two hundred and fifty arpents of land on the Bayou de Siard, to *Thomas Friend*, by certain metes and boundaries, with a plat of survey made by *James McLauchlin*, surveyor of the parish of Ouachita, on the 8th of December of the same year. On the 10th July, 1828, *C. A. Betin* sold to *John T. Faulk* four hundred arpents of land on the said bayou, adjoining on the lower side the land first above mentioned, sold by *C.* and *C. A. Betin* to *Thomas Friend.* These two tracts, making together the quantity of six hundred and fifty arpents, were at one time held in common by the defendant, *Eliza Foy*, then widow of *Peter J. Evans*, and *Nancy Miriam Evans*, the sole heir of *Peter J. Evans.* After the death of *Peter J. Evans*, and marriage of the said *Nancy Miriam* with the plaintiff, the defendant, *Eliza Foy*, sold her undivided half of said land to the said *Nancy*, her daughter, and the plaintiff, *George Savage*, claims title to the same, under the last will and testament of his deceased wife, the said *Nancy Miriam Evans.*

The defendant claims title to the lands adjoining those above described, under various mesne conveyances from the same vendors, *C.* and *C. A. Betin*, who the same day and year that they sold to *Thomas Friend*, as before mentioned, sold to *A. H. McCommack* one hundred and fifty arpents of land, by certain metes and boundaries, with a plat of survey made by *James McLauchlin*, on the 8th December, 1825. And under various mesne conveyances, the defendant claims title also from the heirs of *Breville Breard*, to three hundred and forty arpents of land, making in all five hundred and fifty arpents.

Plaintiff's counsel contends, that as it is shown by the evidence that the defendants are in actual possession of eight hundred and thirty-five arpents of land, being the whole of the *Breard Breville* tract of four hundred arpents, the whole of the *M. J. S. Breard* tract of four hundred arpents, and thirty-five arpents of the *Charles Betin* tract, as they appear on the township map, in

evidence in this cause, when their titles call only for five hundred and fifty arpents, they should not be allowed to retain the overplus, and that it should be given to the plaintiff, who has not by that exact quantity, what his titles call for.

It is further admitted by the counsel of defendants in argument, that there is enough land to satisfy all claimants under the three confirmations before mentioned to *Charles Betin*, *M. J. S. Breard*, and *Breard Breville*. But we do not see how it is in our power to alter the special locations and boundaries made in the deeds from the *Betins* to *Thomas Friend* and *A. H. McCommack*, to be found on the plats before referred to, as annexed to said deed. *W. W. Farmer*, a witness who surveyed these lands, and made a plat thereof, which is in evidence, says, that the calls in the deeds and plats correspond, as he found them on the land, and he had the deeds with him. *Sterling*, another witness, says that *P. J. Evans*, (through whom the plaintiff claims) never had in possession any part of the *McCommack* tract, and that *Thomas Friend* and *A. H. McCommack* settled on their tracts of land in 1825 or 1826, about twenty-two years before their suit was brought.

We consider that the plaintiff cannot go behind the deeds from the *Betins* to *Thomas Friend* and *A. H. McCommack*. The boundaries between these two tracts of land being fixed and determined in these acts, passed by their mutual vendors at the same date, more than a quarter of a century since, and acquiesced in by all parties for that long period of time, must remain undisturbed.

We are further of opinion, that the plaintiff is estopped from claiming other boundaries than those mentioned in these deeds, and in conformity to which, there has been such long and undisturbed possession. *Zeringue* v. *White*, 4 Ann. 301. There is, moreover, a positive provision of the Civil Code on the subject, which declares, that "when an owner has alienated one or two estates which belonged to him, and the property of any part of it is contested, the limits assigned to it by the vendors at the time of the sale, must be consulted. The limits anciently subsisting between the two estates must not be regarded, because the designation which the vendor makes of the metes and bounds, forms new limits between the two estates, or between the parts of them which he has sold." C. C. art. 840.

The plaintiff has joined in this action of damage, a claim for the price of a slave. We do not wish to be considered as approving such an impropriety in pleading as this; but considering that substantial justice has been done on this branch of the case by the judgment of the district judge, we shall not disturb it. We think that the compromise entered into between the plaintiff and defendant, settled all such matters between them as the payment in error complained of.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs; reserving to the plaintiff any claim he may have against his vendor, the defendant, by reason of any deficiency in the land sold.