## J. H. KIRBY v. W. L. MOODY.

### No. 3356.

1. **Community Property—Trust—Case Adhered to.**—Cooke v. Bremond, 27 Texas, 460, adhered to, that a purchaser without notice and for value of land acquired during coverture takes title against any trust in favor of either the husband or wife, resulting from the purchase money having been the separate property of either.

2. **Widow's Equitable Rights.**—Land was purchased by the husband and paid for with his separate property; the deed, however, contained no notice of his separate estate. After the death of the husband the equitable title conferred upon the widow by statute is presumed to exist whenever a deed is made to the husband which does not on its face show the contrary. The purchaser without notice will take the widow's half-interest as in community property.

3. **Notice—Mortgage.**—A mortgagee is entitled to the same protection that would be extended to a purchaser under like circumstances. The sale under the mortgage relates to its date, and notice to the trustee or beneficiary after the mortgage would not affect the title of the purchaser under foreclosure.

ERROR from Tyler. Tried below before Hon. W. H. FORD. The opinion states the case.

*Nix & Kirby* and *S. B. Cooper*, for plaintiff in error.—1. The title to the property in controversy being perfect in John W. Stewart in his separate right at the date of his death, it immediately passed to and vested in plaintiff's wife Lelia W. Kirby, as his sole heir at law. Sayles' Civ. Stats., art. 1817.

2. The title of the ancestor immediately on his death vests in his heirs; and such title not being subject to registration laws, subsequent purchasers from third persons are affected with notice thereof. Parker v. Coop, 60 Texas, 111; McKamey v. Thorp, 61 Texas, 648; Blankenship v. Douglas, 26 Texas, 225; Story Eq. Jur., sec. 1502, and note.

3. A vendor can convey only such title and estate in lands as is vested in him. Veramendi v. Hutchins, 48 Texas, 531.

4. The defendant W. L. Moody can not claim protection as an innocent purchaser for a valuable consideration paid without notice of plaintiff's title, because it is admitted in the agreed statement of facts upon which the case was tried, that at the time of his purchase from J. D. Moody, trustee, he had actual notice of plaintiff's title. Harris v. Seinsheimer, 67 Texas, 356; Bonner v. Stephens, 60 Texas, 619; Parker v. Coop, 60 Texas, 111; Senter & Co. v. Lambeth, 59 Texas, 259.

*West & Chester*, for defendant in error.—1. The lands being conveyed to J. W. Stewart during the existence of the marital relation between him and Mrs. E. A. Stewart, by warranty deeds in the usual form, are presumed to be community property. Sayles' Civ. Stats., art. 2852; Parker v. Coop, 60 Texas, 112.

2. Though the title which vests in the heir upon the death of the ancestor may not be within the registration statutes, it is governed by the law of marital rights; and it appearing to be community property, in the absence of notice to the contrary, the rights of innocent purchasers must be determined by the same rules as though such were its real character.

3. The apparent legal title being in the community estate of Stewart and wife, a purchaser from her by warranty deed without notice would take title as against equities.

4. Property acquired during the marriage is presumed to be community property, and one purchasing from the wife will be protected in one-half the land; and the land having been conveyed to Stewart by warranty deed during the marriage, and Mrs. Stewart having conveyed the lands after his death to J. D. Moody, trustee, to secure the loan of $4500, which they advanced her at the time of the delivery of the trust deed and upon the faith of the security thereby afforded, neither they nor any member of their firm nor defendant in error having any knowledge, actual or constructive, of plaintiff's equity until long after these transactions, and the defendant in error having purchased the lands and paid for them, he will be protected as an innocent purchaser. Sayles' Civ. Stats., art. 2852; Id., p. 449; McKamey v. Thorp, 61 Texas, 651; Veramendi v. Hutchins, 48 Texas, 550; Kirk v. Nav. Co., 49 Texas, 215; French v. Strumberg, 52 Texas, 109; 1 Story Eq., sec. 409; Grace v. Wade, 45 Texas, 522; Wallace v. Campbell, 54 Texas, 88.

HENRY, Associate Justice.—This suit was brought by the appellant to recover certain tracts of land alleged to be the separate property of his wife, Lelia W. Kirby. The cause was tried by the court without a jury upon an agreed statement of facts, and a judgment was rendered for the plaintiff for an undivided one-half of the lands sued for.

The facts are substantially as follows: Lelia W. Kirby was the only child and heir of John W. Stewart by his wife E. A. Stewart. The lands were purchased by John W. Stewart and conveyed to him during his marriage with the said E. A. Stewart. He paid for them with his separate means, but the deeds were in the usual form, and contained nothing tending to show his separate estate in them. John W. Stewart died intestate and free from debt. He left surviving him his daughter aforesaid and his widow, the said E. A. Stewart, who never qualified as survivor in community. E. A. Stewart, after the death of her husband, became indebted to W. L. Moody & Co. in the sum of $1000, and desired to borrow from them the additional sum of $4500. The money was furnished her, in consideration of which she executed a deed of trust upon the lands in controversy to secure the payment of both debts.

The lands were duly sold under the deed of trust and purchased by the appellee, and were conveyed to him by the trustee.

It was proved, that at the date of the deed of trust neither W. L. Moody & Co. nor any member of that firm had notice of the facts making the lands the separate property of the husband, but that such notice was given W. L. Moody after the money was furnished and subsequent to the execution of the trust deed, and before the sale was made by the trustee.

The rule controlling this case was stated in the opinion rendered in the case of Cooke v. Bremond, 27 Texas, 460, as follows: "All property acquired by purchase or apparent onerous title, whether the conveyance be in the name of the husband or of the wife, or in the names of both, is prima facie presumed to belong to the community. It is true that it is now a well established and long recognized rule of procedure in our judicial system, as between the parties to such deeds, their privies in blood, purchasers without value or with notice, to affect the legal import of such deeds by parol evidence. But we know of no principle upon which such evidence can be received for the purpose of explaining or modifying such deeds after the property has passed into the hands of innocent purchasers, and thereby engrafting upon it a trust to their detriment." Kirk v. Nav. Co., 49 Texas, 215; Parker v. Coop, 60 Texas, 111.

Since the decisions above referred to were made this court has held, that such a deed made to the husband conveys to him the entire legal title, and that under it the wife acquires only an equitable title to her one-half interest. But that equitable title is conferred upon her by statute, and is presumed to exist whenever a deed is made to the husband which does not show upon its face the contrary. In such cases the wife's equitable title will be protected as fully as the husband's legal one will be, except as against purchasers of the legal title for value and without notice of the marital relation, or with notice of facts conferring upon the husband other rights in regard to the title. Stiles v. Japhet, ante, p. 91. A mortgagee is entitled to the same protection that would be extended to a purchaser under like circumstances.

It results, that W. L. Moody & Co. having advanced money upon the title and received from the widow a deed of trust before they had notice of the facts that would have given to the husband a greater than a one-half beneficial interest in the land, W. L. Moody must be held to have acquired by his purchase from the trustee the superior title in one-half of the land. His deed when made related back to the date of the deed of trust, and hence the title acquired by him was not affected by the notice given after that date, but before the sale was made by the trustee.

The judgment is affirmed.

*Affirmed.*

Delivered March 26, 1892.