## A. W. MAY v. W. P. MARTIN ET AL.

### Decided February 28, 1903.

**1.—Notes—Pledge—Estoppel—Innocent Purchaser.**

Where the owner of a note places the apparent title to it in another who induces a loan company to advance him money and accept the note as security therefor, the owner is estopped from questioning the validity of the pledge, and the loan company will be protected as an innocent purchaser.

**2.—Same—Notice—Sale of Pledge—Tender.**

The loan company could subject the note so pledged to it to the payment of the debt in the manner provided by the terms of the pledge, although notice of the owner's claim was given to it after the right had become so vested, and it acquired a perfect title to the note by purchase at a sale thereof made after such notice, under the terms of the pledge, and in the absence of a tender by the owner of the note of the amount of the debt secured by the pledge.

**3.—Verdict—Intervener and Plaintiff.**

Where a verdict awards to an intervener the title to the cause of action, it authorizes a judgment against the plaintiff, although the latter is not named therein, and another party who is not claiming adversely to the plaintiff can not complain of the verdict on that ground.

Error from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*R. H. Capers,* for plaintiff in error.

TEMPLETON, ASSOCIATE JUSTICE.—Suit by W. P. Martin against Mrs. Frazer and her husband on a note for $375, executed by Mrs. Frazer when she was a feme sole, and secured by mortgage on certain real estate. A. W. May and the Dallas Loan and Trust Company filed pleas in intervention, each of them claiming to be the sole and exclusive owner of the cause of action in suit. A jury was impaneled to try the case, but when the evidence was in the court instructed a verdict for the trust company. May has appealed by writ of error.

*Conclusions of Fact.*—There is no controversy as to the facts. On May 27, 1901, May was the owner of the said note, and on that day, by a written transfer reciting a cash consideration of $375 paid, assigned the same to Martin. On the following day Martin, by a separate instrument, retransferred the note to May, but retained the note and the original assignment. The object of these transactions was to place the apparent title in Martin in order that he might sue on the note in his own name, it being intended that the beneficial ownership should remain in May. Martin brought this suit in August, 1901. On March 14, 1902, he applied to the trust company for a loan, and offered to pledge the said note as security therefor. He obtained a loan of $105, and executed and delivered a written instrument pledging the note as security for the loan. The said instrument provided for the sale of the security in case of default, and that the trust company might become the purchaser at such sale. It was filed for record with the

county clerk, and was noted on the docket of the court in which the suit was pending. The assignment by May to Martin was attached as an exhibit to Martin's petition in said suit, and the trust company knew of and relied on the same in dealing with Martin. It had no notice of the reassignment to May, or of the fact that May was the real owner of the note. On June 3, 1902, May learned that Martin had pledged the note to the trust company, and two days later filed his plea in intervention. He notified the trust company that he was the owner of the note, but did not offer to pay the debt for which the note had been pledged. Martin's debt to the trust company having matured, and payment being refused, the trust company caused the note to be sold in accordance with the terms of the pledge. It became the purchaser at the sale for a sum just sufficient to cover its debt. It thereupon intervened in the said suit, and the case was tried with the result stated. May has never paid or offered to pay the debt owing by Martin to the trust company.

*Conclusions of Law.*—1. May having voluntarily placed the apparent title to the note in Martin, and the trust company having been induced by the said act of May to make the loan to Martin and accept the note as security therefor, May is estopped from questioning the validity of the pledge, and the trust company is entitled to be protected as an innocent purchaser. Kempner v. Huddleston, 90 Texas, 182.

2. The trust company had a right to subject the security pledged to it by Martin to the payment of the principal debt, in the manner provided by the terms of the pledge, and its right was not affected by notice of May's claim of ownership given after the right had been acquired and had become vested. The purchase by the trust company related back to the date of the pledge, and the pledge being valid, a perfect title was acquired by the purchaser. Kirby v. Moody, 84 Texas, 201.

3. May could have prevented the sale under the pledge by paying to the trust company the debt for which the note had been pledged. Having failed to pay or tender payment of such debt, the foreclosure sale was authorized, and was conclusive of May's rights. His title was subordinate to the pledge, and he was bound, for his own protection, to satisfy the debt which was a charge against his property. Not having offered to do equity, he is in no position to complain. Goldfrank v. Young, 64 Texas, 432.

4. It is urged that the verdict is not such as to authorize the judgment for the reason that there is no reference in the verdict to the plaintiff Martin. There was a general verdict in favor of the trust company, and a special verdict against all the other parties by name, except Martin. The general verdict was sufficient in itself alone to warrant the judgment, and a special finding against Martin was unnecessary. The only real controversy was between the trust company and May. Besides, Martin is not complaining of the verdict or judg-

ment, and May can not do so for him. The judgment provides that Martin take nothing by reason of his suit, and is therefore a final disposition of the case as to him.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

In the original opinion the obligation sued on was described as a note. As a matter of fact it was a contract to pay the sum stated as attorney's fees, and was not in the form of a promissory note. It was not a negotiable instrument, but was, of course, assignable. It was written evidence of a debt, and the fact that it was not a promissory note does not affect the questions decided or require any change in the conclusions reached. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.