(104 So. 704)

No. 27055.

**MYERS v. DAWSON et al.**

(April 27, 1925.  Rehearing Denied May 25, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Pleading ⬅⇒49—Prayer of petition determines character of suit.**

    Prayer of petition determines character of suit.

2. **Reformation of instruments ⬅⇒29—Act of partition not subject to correction as against third persons in good faith acquiring rights from original party to act.**

    An act of partition is not subject to correction as against third persons in good faith acquiring rights from one of the original parties to the act.

3. **Reformation of instruments ⬅⇒23—Plea of estoppel in suit to reform and remodel act of partition held properly sustained.**

    In suit to reform and remodel act of partition filed many years after date of partition, during which time boundaries, as fixed and determined by act between original owners, were accepted and acquiesced in by various succeeding owners, plea of estoppel *held* properly sustained, notwithstanding codefendant is in possession of more land than her title calls for, by an overplus exactly equal to the deficiency of plaintiff, and there is enough land to satisfy both under the titles by virtue of which they claim.

Certiorari to Court of Appeal, First Circuit.

Suit by David M. Myers against Mrs. Mary E. Dawson and others. The Court of Appeal set aside judgment of dismissal and remanded the case, and defendants bring certiorari. Judgment of Court of Appeal set aside, and judgment of district court reinstated and affirmed.

Charles A. Holcombe and Justin C. Daspit, both of Baton Rouge, for relator.

Cross & Moyse, of Baton Rouge, for respondent D. M. Myers.

ROGERS, J.  On February 5, 1901, Charles Wesley Holden and Talbert P. Richard ef-fected a partition in kind of a certain tract of land which they owned in indivision in the parish of East Baton Rouge. By mesne conveyances, the portion of the tract received by Holden was acquired by plaintiff and the portion of the tract received by Richard was acquired by defendant, Mrs. Mary E. Dawson.

On June 5, 1924, plaintiff filed the present suit to reform and remodel the act of partition between Holden and Richard, alleging, in substance, that the descriptions of the respective tracts of land received by the parties to said instrument were erroneous.

The district court sustained a plea of estoppel and an exception of no cause of action, and dismissed the suit. This judgment was set aside by the Court of Appeal, which remanded the case for further proceedings, and the matter is now before us for review under a writ granted for that purpose.

[1] The judgment of the district court is correct and that of the Court of Appeal is wrong. The Court of Appeal has fallen into error because it has treated the suit as an action in boundary. While the real object of the suit, apparently, is to fix the common boundary, its ostensible purpose is to reform and remodel the act of partition between Holden and Richard. This is clearly shown by the prayer of the petition, which determines the character of the suit. The relief sought by plaintiff is to have said act of partition declared to be erroneous, and that "said deed be corrected and reformed so as to represent the true intention and agreement of said parties."

[2] While an error in the description of real estate may be corrected as between the parties to the act in which it appears, the law is clear that such error cannot be corrected to the prejudice of third persons acting in good faith, and acquiring rights with respect to the property as erroneously described. Waller v. Colvin, 151 La. 765, 92 So. 328; Bender v. Chew, 129 La. 850, 56 So. 1023; Adams v. Drews, 110 La. 456, 34 So. 602.

[3] From the date of the act of partition to the day the suit was filed, a period of more than 23 years, the boundaries as fixed and determined by said partition between the original owners have been accepted and acquiesced in by the various succeeding owners of these two adjacent tracts of land. In these circumstances they must remain undisturbed, even though defendant be in possession of more land than her title calls for, by an overplus exactly equal to the deficiency of plaintiff, and there be land enough to satisfy both under the titles by virtue of which they claim. See Savage v. Foy, 7 La. Ann. 573.

For the reasons assigned, the judgment of the Court of Appeal for the First Circuit, parish of East Baton Rouge is set aside, and the judgment of the district court of said parish, dismissing plaintiff's suit, is reinstated and affirmed, at plaintiff's cost.