## HARRELL v. UNITED CARBON CO.
### No. 6097.

Circuit Court of Appeals, Fifth Circuit.
Aug. 3, 1931.

Rehearing Denied Sept. 4, 1931.

S. L. Digby and R. H. Oliver, Jr., both of Monroe, La., for appellant.

J. C. Theus, Henry Dean Montgomery, and H. F. Madison, Jr., all of Monroe, La. (McHenry, Montgomery, Lamkin & Lamkin, of Monroe, La., on the brief), for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a final decree dismissing on final hearing a bill of complaint which prayed for the cancellation as to 60 acres of an oil and gas lease of 100 acres of land situated in Louisiana.

The land involved lies in the same quarter-section, and for convenience may be considered as consisting of two adjoining tracts, one of 60 acres and the other of 40 acres. In 1923 the owners leased the whole 100 acres for five years, and as long thereafter as oil or gas should be produced "from said land by the lessee." The lease was to terminate at the end of the first year unless within that time either a well were commenced or $100 were paid as rent; but, upon like annual payments of rent being made, the commencement of a well could be postponed from year to year during the five-year period. The lessee was granted the right to assign the lease in whole or in part. In the event of an assignment in part, the rent was to be apportioned and the rights of an assignee who paid his proportion were not to be affected by a default in the payment of rent on any other part. The Standard Carbon Company, having acquired by assignment the interest of the original lessee, in 1925 assigned its interest in the 40-acre tract to T. L. James, and in the 60-acre tract to appellee. James in turn executed an assignment of his interest to the Ruston Drilling Company, and, within five years from the date of the lease, that company commenced a well on the 40-acre tract which upon completion proved to be productive of gas. In 1929 appellant obtained from the owners of the land a second lease of the 60-acre tract. At the time of filing suit no well had been drilled on that tract, but all rent on it as well as on the 40-acre tract was paid as or before it fell due. There is no complaint that the lessee or any assignee had failed to comply with the implied condition to develop any part of the original lease within a reasonable time. The bill proceeded wholly on the theory that, in so far as the 60-acre tract was concerned, the original lease had expired, because no well had been commenced on that tract within the five-year period. The defense relied on by appellee, and upheld in the district court, was that the drilling of a producing well on the 40-acre tract had the legal effect of continuing in force the original lease as to the 60-acre tract.

Since this case was argued, the same contention that appellant makes here on the question thus raised has been upheld by the decision of the Supreme Court of Louisiana in Roberson v. Pioneer Gas Co., 137 So. 46. That decision definitely establishes a rule of property in Louisiana, and of course we are bound to follow it. Guffey v. Smith, 237 U. S. 101, 35 S. Ct. 526, 59 L. Ed. 856. The leases involved in that case and in this are substantially similar, if not identical in form; the right given the lessee to assign the lease in whole or in part is the same in each case; and no distinction can be based on a difference in the facts.

On the authority of Roberson v. Pioneer Gas Co., supra, the decree is reversed, and the cause remanded for further proceedings.