TURNER et al. v. CALIFORNIA CO.

No. 6291.

Circuit Court of Appeals, Fifth Circuit.

Dec. 16, 1931.

Mark McMahon, of Fort Worth, Tex., and B. Frank Haag and Frank Stubbeman, both of Midland, Tex., for appellants.

Alex F. Weisberg, both of Dallas, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

In 1908, J. F. York acquired the fee-simple title in his own name to section 10 in

block 34 of a certain survey in Ward county, Tex. At that time he was married, but his wife, Emma, died in 1911. They had five children who are still living. In 1926, York alone executed and delivered to appellee an oil and gas lease, for five years and for as long thereafter as oil or gas should be produced therefrom, of all the above described land. The lease described him as a widower. In 1929, he joined his and Emma's children in two deeds with full warranty, by one of which they purported to convey the southwest half of section 10 to appellant Turner, and by the other the northeast half of the northeast half of that section to appellant Smith. Shortly after these deeds were placed on record, appellee brought separate suits against appellants for decrees quieting title to its leasehold interest and declaring the deeds subject thereto. The suits were consolidated for trial, and, upon final hearing, decrees as prayed for were entered.

York testified that before the lease was executed he told appellee's representative that his wife had been dead for fifteen years, but the representative referred to denied this, and appellee's testimony was to the effect that the only knowledge it had on this subject was contained in York's letter in reply to its telegram requesting the name of his wife, if he was married. That letter stated: "My wife's name was Emma J. York, and I have never married any more." In its findings of fact, the trial court stated that appellee at the time it took the lease in 1926 was informed that York was a widower, but had no information as to any other fact relating to his marital status. It is apparent therefore that the court rejected York's testimony and accepted that of appellee on the question in dispute between them.

 The land in question was in fact community property. York's wife had a half interest in it, which, upon her death, descended to her children (Revised Civil Statutes of Texas, art. 4619); but that interest was an equitable one. York had the legal title which would pass upon his conveyance to a bona fide purchaser for value without notice of the equitable interest of his wife during her life,

or of her children after her death. Edwards v. Brown, 68 Tex. 329, 4 S. W. 380, 5 S. W. 87; Patty v. Middleton, 82 Tex. 586, 17 S. W. 909; Kirby v. Moody, 84 Tex. 201, 19 S. W. 453; Mitchell v. Schofield, 106 Tex. 512, 171 S. W. 1121. Appellee therefore acquired the legal title to its lease freed from any equitable interest unless its knowledge that York was a widower at the time he executed the lease constituted notice which upon inquiry would have disclosed that the land was community property. The mere fact that appellee had such knowledge at the time it acquired the lease was not sufficient, according to several decisions of the Supreme Court of Texas, to put it upon inquiry as to whether York was married at the time he acquired the land. In Griggs v. Houston Oil Co., 213 S. W. 261, in which the opinion was by the Commission of Appeals, but was approved by the Supreme Court of Texas, land was conveyed to Elizabeth O. Griggs, who was held to be the common-law wife of Berry Griggs, and later sold under power of attorney in which she was described as "Mrs." Elizabeth O. Griggs. The court held that the power of attorney, while it was enough to put a purchaser on notice that Mrs. Griggs had at some prior time been a married woman, it was not sufficient to indicate that her husband was living at the time the land was conveyed to her. To the same effect is Gilmer v. Veatch, 102 Tex. 384, 117 S. W. 430. Hill v. Moore, 85 Tex. 335, 19 S. W. 162, relied on by appellant as stating the true Texas rule, is not in conflict with those decisions. The source of title in that case was a headright certificate issued while Texas was a republic. That was the kind of certificate which called for a league and labor of land, and, as its name implies, was issued only for the benefit of a family, or at least of several persons. It gave notice to all subsequent purchasers that originally more than one person was interested in it. As in our opinion a rule of property has been established in Texas as above indicated, we feel bound to follow it. Harrell v. United Carbon Co. (C. C. A.) 52 F.(2d) 790.

The decrees are affirmed.