149 So. 465

## RIGOLETS COOPERATIVE FUR CO. v. DELAWARE–LOUISIANA FUR TRAPPING CO., Inc.

### No. 31872.

May 29, 1933.

Rehearing Denied July 7, 1933.

Brian & Brian, of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling and Lawrence K. Benson, all of New Orleans, for appellee.

BRUNOT, Justice.

This suit is an action in jactitation. The defendant excepted to the petition as not disclosing a right or cause of action. The exceptions were sustained, the suit was dismissed, and the plaintiff perfected a suspensive appeal from that judgment.

In 1922 the Barataria Land Company (Succession of Chas. P. Davidson, Sr., subrogee) and the Louisiana Meadows Company owned abutting land. They had a survey and procès verbal made of an east and west line dividing their properties and forming their respective north and south boundaries. The procès verbal was homologated by a judgment of the district court on March 18, 1922, but this judgment was never recorded. Thereafter the present litigants acquired said lands by mesne conveyance from their respective ancestors in title. They bought on the faith of the public record. If the defendant cannot be compelled to recognize an unrecorded judgment, rendered in a proceeding to which neither he nor the plaintiff were parties, purporting to fix the boundary line separating the lands of their respective authors in title, a jactitation suit does not lie, and the

judgment appealed from is correct. We quote from the Revised Civil Code the following:

"All final judgments affecting immovable property shall be recorded in the parish where the immovable property is situated." Rev. Civ. Code, art. 2265.

"All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto." Rev. Civ. Code, art. 2266.

It is a part of the public policy of the state to stabilize titles to real property, and to this end, with one exception, which decision has been repudiated, the courts have consistently held: (1) That unrecorded contracts are without effect save between the parties to them; and (2) that in matters of real estate no notice other than registry can prove knowledge.

For these reasons, the judgment appealed from is affirmed, at appellant's cost.