## PHILLIPS v. WEST PRODUCTION CO. et al.

### No. 1174.

District Court, S. D. Texas, Galveston Division.

April 11, 1934.

C. A. Teagle and L. A. Kottwitz, both of Houston, Tex., for plaintiff.

Baker, Botts, Andrews & Wharton, C. R. Wharton, Platt, West & Stevenson, Jno. E. Green, Jr., David Proctor, and Claud McCaleb, all of Houston, Tex., D. R. Peareson, of Richmond, Tex., and Wm. H. Wilson, Harry Holmes, R. E. Seagler, Ross, Wood, Lawler & Wood, R. Wayne Lawler, and J. E. Price, all of Houston, Tex., for defendants.

KENNERLY, District Judge.

May 11, 1933, plaintiff sued defendants in trespass to try title under the Texas statutes (articles 7364 to 7401, Texas Revised Civil Statutes 1925) for an undivided one-half interest in 1,107 acres of land out of the John Rabb league in Fort Bend county, Tex., in this district and division, and for the value of certain oil, etc., it is. alleged defendants took therefrom. Jurisdiction is alleged under subdivision (b) of subsection 1 of section 41 of title 28 USCA.

In June, 1933, defendants, Gulf Production Company, Humble Oil & Refining Company, and H. R. Cullen, filed general demurrers, pleas of not guilty (article 7372 of such Statutes), and certain pleas of limitations. The demurrers not having been brought on for hearing under District Court Rule 25, and not having been disposed of at the term of court at which filed, will be regarded as abandoned.

June 2, 1933, the West Production Company and J. W. West filed general demurrer, plea of not guilty, and certain pleas of limitations, following same with an allegation that plaintiff's title, if any, to such interest in the land, was at its inception, and is now, an equitable title, and that, at the time such defendants West Production Company and J. M. West acquired their rights to the land, they paid value, and had no notice of plaintiff's title. Such demurrer not having been brought on for hearing under District Court Rule 25, and not having been disposed of at the term of court at which filed, will likewise be regarded as abandoned.

■ The defendants Hiland P. Lockwood and Alex A. Sharp filed their pleadings January 8, 1934, that being the first day of the present term of this court in this division. Such pleadings contain several special exceptions, general demurrer, plea of not guilty, and certain pleas of limitations. The special exceptions and general demurrer having been on file more than three months, and this case having been continued by agreement for this term of court, and standing set for trial on the merits during the next term of court (June 6, 1934), and such exceptions and demurrer not having been brought on for hearing under District Court Rule 25, I take it that it is safe to assume that these defendants have abandoned them.

On March 22, 1934, defendant, West Production Company filed a "Plea in Abatement and Motion to Dismiss." This appeared on the motion calendar April 2, 1934, accompanied by the brief of the West Production Company, brief of plaintiff, and a reply brief by all defendants. The · statement is made in a letter accompanying the briefs that the other defendants have filed or will file similar pleas in abatement and motions to dismiss, and that disposition of such plea and motion of the West Production Company will dispose of such pleas and motions of the other defendants. This is a hearing under District Court Rule 25 of such plea and motion of West Production Company.

■ 1. Plaintiff says that such plea and motion come too late after the West Production Company's answer to the merits. Under the Conformity Act (section 724, title 28 USCA), and the practice in the courts of Texas in like causes, this is probably true of pleas in abatement, etc., as that term is generally regarded and understood. This is not, however, such a pleading. It is rather a pleading under section 397, title 28 USCA, to obtain the ruling of the court, in advance of the trial on the merits, on the question of whether this case is cognizable at law or in equity. So regarded, it is proper for such plea and motion now to be considered by the court. Schoenthal v. Irving Trust Co., 287 U. S. 97, 53 S. Ct. 50, 77 L. Ed. 189.

■ 2. Defendant, in such pleading, claims that plaintiff's title is an equitable one, and that plaintiff may not prosecute thereon this action at law. Defendant asks the court to hear evidence to sustain its claim, but produces none (see District Court Rule 25, amended rules of January 1, 1934). But for the admissions of plaintiff in her brief, it would be necessary to dismiss the matter as not properly submitted. District Court Rule 25f.

3. Plaintiff's admissions in her brief are as follows:

"The facts will show that Chauncey M. Richardson was married to M. G. Richardson. That Ruttersville College conveyed the southwest one-fourth of the Rabb League to M. G. Richardson, the wife. Chauncey died, leaving a will by which he gave to his wife, during her natural life all of his property and at the decease of his wife it was to go to his daughter, Ann Sophia. Mrs. Richardson, the surviving wife, married Henry Van Bibben, and thereafter Martha Richardson Van Bibben, the surviving wife of Chauncey M. Richardson, conveys this southwest one-fourth to R. H. Leigh. Henry Van Bibben died, leaving his wife, Mrs. Martha Richardson Van Bibben surviving him.

"Ann Sophia Richardson, who had been bequeathed Richardson's community interest in the land, married Wm. S. Bassett; she died, leaving her husband, William S. Bassett, surviving her. There was one child born of this marriage, who is the plaintiff in this case."

Presumably defendants claim under Leigh.

It has long been the rule in Texas that a title of the kind here asserted by plaintiff is an equitable one. Turner v. California Co. (C. C. A.) 54 F.(2d) 552, 553, and cases there cited and discussed.

■ Since Bennett v. Butterworth, 11 How. (52 U. S.) 675, 13 L. Ed. 862 (a Texas case), it has been the rule that one holding and claiming under an equitable title, such as this, may not maintain an action in ejectment (trespass to try title) such as this, in a federal court. Fenn v. Holme, 21 How. (62 U. S.) 486, 16 L. Ed. 200; Johnson v. Christian, 128 U. S. 379, 9 S. Ct. 87, 32 L.

Ed. 413; Hooper v. Scheimer, 23 How. (64 U. S.) 248, 16 L. Ed. 452; Langdon v. Sherwood, 124 U. S. 79, 8 S. Ct. 429, 31 L. Ed. 345.

The rule is well stated in Kircher v. Murray (C. C.) 54 F. 617, 626 (a Texas case quite similar to this one).

It follows that the case must be transferred to the equity side. Liberty Oil Co. v. Condon Bank, 260 U. S. 242, 43 S. Ct. 118, 67 L. Ed. 235.

Let an order be prepared and presented accordingly, and also directing the necessary amendment of the pleadings within a time fixed.