## BERGERON et al. v. LOUISIANA LAND & EXPLORATION CO.*

### No. 8615.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1938.

George Seth Guion, of New Orleans, La., for appellants.

R. C. Milling and Lawrence K. Benson, both of New Orleans, La., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action to establish title to certain real estate in Lafourche Parish, Louisiana, more particularly described as follows: "East ½ of West ½ of Section 3, and S. E. ¼ of S. E. ¼ of Section 10, Township 21 South, Range 22 East; Lots 9 and 10 of Section 3, Lot 3 of Section 4, Lots 1, 4, 5, and 8 of Section 9, Lots 1, 4, 5, 8, and N. W. ¼ of S. E. ¼ of Section 21, Lots 1, 3, 4, and 6 of Section 28, Lots 1, 4, and 5 of Section 33, and N. W. ¼ of S. W. ¼ and Lot 1 of Section 34, Township 22 South, Range 22 East."

Filed originally in the state court, under Act No. 38 of 1908 of said state, the case was removed to the federal court on the ground of diversity of citizenship. The aforesaid act provides for suit against one or more adverse claimants where two or more persons lay claim to land by recorded title, and no one of them is in the possession thereof.

After the record was lodged in the District Court, the appellants filed an amended pleading from which it appeared that their action was based upon a tax deed dated June 22, 1895, pursuant to a sale for taxes for the year 1894, under an assessment to the estate of Jules Lapene. It is solely by virtue of this instrument that appellants claim to own the property described in the bill of complaint. The property conveyed in said tax deed is described as follows: "East ½ of N. ½ of Section 30, and West ½ of N. E. ¼, and N. W. ¼ of S. E. ¼ of Section 10, Township 21 South, Range 22 East; Lots 9 and 10 of Section 3, Lot 3 of Section 4, Lots

1, 4, 5, and 8 of Section 9, Lots 1, 4, 5, and 8 and N. W. ¼ of S. E. ¼ of Section 21, Lots 1, 3, 4, and 6 of Section 28, Lots 1, 4, 5, and 8 of Section 33, and N. W. ¼ and Lot 1 of Section 34, Township 22 South, Range 23 East."

A motion to dismiss the bill was sustained on the ground that a comparison of the description of the property claimed in the bill with the land described in the tax deed of 1895, which is relied upon by appellants, shows that they have no recorded title to the property and no right to establish title against appellee, a third party, who bought on the faith of the public records. This appeal is prosecuted from a decree of the district court dismissing the bill.

The controverted issues involve the law of real estate in Louisiana, and must be determined by the statutes and decisions of that state. Bondurant v. Watson, 103 U.S. 281, 26 L.Ed. 447; Edward Hines Yellow Pine Trustees v. Martin, 268 U.S. 458, 45 S.Ct. 543, 69 L.Ed. 1050; Harrell v. United Carbon Company, 5 Cir., 52 F.2d 790.

From such local law, it appears to be a part of the public policy of the State of Louisiana to stabilize land titles; and, to this end, in matters of real estate no notice other than registry may prove knowledge. Rigolets Cooperative Fur Co. v. Delaware-Louisiana Fur Trapping Co., Inc., 177 La. 819, 149 So. 465.

An examination of the tax instrument is all that is necessary to show that appellants obtained thereby no title of record to the lands described in the bill. Albert Hanson Lumber Co. v. Angelloz, 118 La. 861, 862, 43 So. 529; Ducre v. Milner, 165 La. 433, 115 So. 646.

This description cannot be aided, as against a third person, by referring to instruments not recorded. R.C.C. arts. 2265, 2266; Westwego Canal & Terminal Co., Inc. v. Pizanie, 174 La. 1068, 142 So. 691; Herndon v. Wakefield-Moore Realty Co., Inc., 143 La. 724, 79 So. 318; Loranger v. Citizens' National Bank, 162 La. 1054, 111 So. 418; Mouton v. Southern Saw Mill Co., 138 La. 813, 70 So. 813; Meyer v. Fountain, 34 La.Ann. 987; Bender v. Chew, 129 La. 849, 56 So. 1023; Myers v. Dawson, 158 La. 753, 104 So. 704.

We conclude that, as against appellee, there is no record title in appellants. John T. Moore Planting Co. v. Morgan's L. & T. R. & S. S. Co., 126 La. 840, 53 So. 22.

We think the ruling of the District Court was correct, and the decree appealed from is affirmed.