LANDRY, Judge.
On application of defendants-appellees, Leonard Kinchen and Stutz Realty Corporation, we granted a full rehearing herein to consider, among other things, our initial decree which ordered a remand of this matter after our reversing the judgment of the trial court which sustained exceptions of no cause of action filed by the named appellees. Upon further reflection, we now find that we erred in overruling the exceptions of no cause of action filed by appellees Kinchen and Stutz to the demands of appellant Edna Stewart Kinchen.
We recapitulate the salient facts by noting that plaintiff Edna Stewart Kinchen instituted this action to annul a certain partition between her and Leonard Kinchen and to be adjudged owner of a one-third interest in certain lands described in her petition. Alternatively, she prayed for damages against Kinchen. The partition in question antedated a sale by defendant Leonard Kinchen of one-half of his interest in the lands claimed by plaintiff Edna Stewart Kinchen to Stutz, which corporation was made co-defendant in the suit brought by appellant Edna Stewart Kinchen.
The position of Leonard Kinchen and Stutz is that plaintiff, Edna Stewart Kinchen, can under no circumstances annul the partition to the prejudice of interests acquired in the property by Stutz, an alleged third party purchaser in good faith upon the face of the public records. It is conceded by appellant on rehearing that her right to annul the partition hinges upon whether Stutz is a “third party” or “prime party”. Appellant further concedes that if Stutz be deemed a third party, plaintiff’s action fails and plaintiff is relegated to her alternative demand for damages against Leonard Kinchen.
Appellant’s contention that Stutz is not a third party in good faith but rather a prime party is based on the contention that Stutz is the alter ego of its president, James H. Morrison. Appellant further contends that although the property was taken from the government in the names of Lawyers Investment Corporation and Leonard Kinchen, in truth and in fact, the purchasers were Leonard Kinchen, James H. Morrison and Edna Stewart, in equal proportions. Finally, it is contended that Stutz is a prime party because throughout all proceedings Stutz acted with the knowledge of its president, Morrison, and such knowledge is chargeable to Stutz. Appellant also contends that the trial court erred in dismissing her claim on an exception of no cause of action. In this regard, it is contended that the pleadings affirmatively allege facts which show that Stutz is not a good faith third party purchaser which allegations, for purposes of disposing of the exception of no cause of action, must be deemed true. On this premise, appellant maintains she is entitled to a trial on the merits to offer proof of her allegations that Stutz is a primary party in bad faith. Appellant concedes that she has not plead and cannot prove fraud.
We are now of the view that this case falls squarely within the ambit of Me- *318 Duffie v. Walker, 125 La. 152, 51 So. 100, which established the rule that in the absence of allegation and proof of fraud, private knowledge of prior unrecorded transactions involving title to immovable property is not equivalent to the effect of public registry of rights in and to real property. See also Ewald, Jr., et al. v. Hodges, et al., 239 La. 883, 120 So.2d 465, in which the rule of McDuffie, above, has been consistently followed and applied. The rule in McDuffie is based on the fundamental premise that public policy requires stability in the titles to real property to the end that marketability thereof will not be impaired and property not be taken out of commerce. To achieve this goal, the law prescribes one test for the marketability of real property, namely, the public records. With this concept in view, our jurisprudence establishes that acquisition of clear title to immovable property can be defeated only by knowledge afforded by the public records or by a successfully proferred allegation of fraud. Loeb v. Badalamenti, et al., La.App., 192 So.2d 246.
Since we have no allegation of fraud in the case at hand, Stutz’s title is defea-sible only in the event plaintff shows the public records concerning the disputed lands were such as to place Stutz on notice of prior equities in the properties in question. It is conceded that when Stutz acquired the property in dispute, the public records revealed the following with respect thereto: (1) Recordation on March 14, 1966, of an instrument dated May 26, 1965, wherein Lawyers Investment Corporation recognized plaintiff, Edna Stewart, to be owner of a VS interest; (2) also recorded March 14, 1966, recordation of an instrument dated June 12, 1965, in which Lawyers acknowledged purchasing the property 1/3 for plaintiff and % for Leonard Kinchen, and (3) recordation March 17, 1966, of the partition between plaintiff and Leonard Kinchen. Stutz’s acquisition followed on April 15, 1966.
Under the circumstances shown, none of the foregoing recorded instruments placed Stutz on notice or inquiry. Conceding Morrison’s relationship to Stutz was such as to impute the knowledge of the former to the latter, such knowledge as Morrison may have had was privately obtained and would not place Morrison or Stutz in the position of a party in bad faith. Only knowledge gained from the public records achieves this important operative effect. Considering that good faith is not contingent upon an absence of privately acquired knowledge, it becomes apparent that appellant’s position is without foundation in law.
In addition, we are also constrained to apply the rule announced in Myers v. Dawson, 158 La. 753, 104 So. 704, which is squarely in point. In Dawson, above, it was held that the rights of a third party purchaser could not be defeated by a party to a prior action of partition upon an allegation of error in the partition.
Appellant’s claim that Stutz and Morrison are prime parties because Morrison in fact arranged for the sale of the lands by the government is likewise without foundation. At no time does the name of either Morrison or Stutz appear of record regarding the property in dispute until Stutz’s acquisition from Kinchen in April, 1966. We believe it elementary that neither Morrison nor Stutz may be deemed primary parties in this instance considering neither appears on the public records as having an interest in the property in dispute until subsequent to recordation of the partition agreement plaintiff now seeks to set aside. To hold otherwise is tantamount to saying the public records afford a purchaser no protection whatsoever. It would also be the equivalent of holding that the rule of Mc-Duffie v. Walker could be circumvented by the simple assertion that a third party is a primary party. Such a rule would sanction establishment of title to real property by parol evidence in direct contravention of long established jurisprudence. See Louisiana State Board of Education v. Lindsay, 227 La. 553, 79 So.2d 879; Blevins v. Manufacturers Record Publishing *319 Co., 235 La. 708, 105 So.2d 392. We deem it of prime significance that neither Morrison nor Stutz appear upon the public réc-ords as having any connection with the property in dispute until subsequent to rec-ordation of the transaction appellant herein seeks to assail.
Appellant also argues that her allegation that Stutz is a prime party and not a third party must be deemed true for purposes of disposing of Stutz’s exception of no cause of action. On this premise, it is contended appellant is entitled to her day in court to prove the allegation, therefore, the matter should be remanded to the trial court for a hearing on the merits.
We note first that the mere allegation that Stutz is a prime party and not a third party purchaser in good faith is a conclusion of law and not an allegation of fact. In disposing of an exception of no cause of action, only well plead facts are deemed true. The factual allegations made by appellant make it abundantly clear that appellant is relying on private knowledge on the part of Morrison and Stutz to establish her contention that Stutz is not a third party purchaser in good faith. Conceding private knowledge on Stutz’s part, it does not establish a cause of action in favor' of appellant and against Stutz.
In contending that Stutz is not entitled to the status of third party purchaser, appellant relies upon Smith v. Smith, et al., 239 La. 688, 119 So.2d 827; Keller et al. v. Haas et al., 202 La. 486, 12 So.2d 238; Burns v. Jolley et al., 153 La. 212, 95 So. 648, and Cattle Farms, Inc. et al. v. Aber-crombie et al., La.App., 211 So.2d 354. These authorities establish the principle that privies of parties or persons who appear of record in the chain of title to disputed properties cannot invoke or claim the status of third party purchasers.
We find these authorities readily distinguishable from and therefore inapplicable to the case at hand. In Smith, above, a husband sought to set aside a sale by his former wife to her son, the property involved having been transferred by the husband to the wife by a dation en paiement. The allegations of the petition in effect charged fraud. The court held the dation was in contravention of LSA-C.C. art. 2446 and hence in fraudem legis. The court also concluded the sale was simulated and in essence found the purchaser guilty of fraud. In this case, no fraud has been alleged.
In Keller, above, defendant Haas purchased the interest of his co-owner in the disputed property at a tax sale. Some years later he sold the property to Haas Investment Company, Inc., of which firm he was principal stockholder. The Court concluded Haas Investment Company, Inc. was not a third party. In so holding, the court invoked the rule that where an individual forms a corporation of which he is the sole stockholder, or owns such control of the corporate stock that the acts of the corporation are his own, he may not use the screen of corporate entity to absolve himself from responsibility.
Any similarity between Cattle Farms, Inc., et al. and Keller, above, and the case at hand, ends with an alleged identity between an individual and a corporation of which he is a stockholder. In both Cattle Farms and Keller, above, either the stockholder or the corporation were found to be prior owners of record thereby depriving the other of the status of a third party purchaser.. Here, no such showing has been made. On the contrary, appellant concedes that neither Morrison nor Stutz were parties to or privies to parties to any deed or document of record affecting the property in dispute herein.
For the reasons stated in our initial decree, we adhere to the view that Fireman’s, as professional liability insurer of Ourso, is amenable to direct action by third party plaintiffs, Leonard Kinchen and Stutz Realty Corporation, because of alleged professional errors or irregularities on Ourso’s part.
It is further ordered, adjudged and decreed that the judgments of the trial court *320 sustaining Fireman’s exception of no cause and no right of action against the demands of third party plaintiffs, Leonard Kinchen and Stutz, be and the same is reversed and said exceptions hereby denied and overruled.
It is further ordered, adjudged and decreed that the judgments of the trial court sustaining the exceptions of no right and no cause of action filed by defendants, Leonard Kinchen and Stutz, to the claims of appellant, Edna Stewart Kinchen, to set aside the act of partition between appellant and Leonard Kinchen, be and the same is hereby affirmed.
It is further ordered, adjudged and decreed that the judgment of the trial court sustaining the exception of no right and no cause of action filed by defendant Stutz to the demands of intervenor, Coy Kinchen, be and the same is hereby affirmed.
It is further ordered, adjudged and decreed that the judgments of the trial court awarding defendants, Leonard Kinchen and Stutz, damages and attorney’s fees for dismissal and dissolution of the writs of sequestration issued by the trial court, and the judgment awarding Leonard Kinchen custodian’s fees in the sum of $1.00 per day, be and the same are hereby affirmed.
It is further ordered, adjudged and decreed that the rights of plaintiff, Edna Stewart Kinchen, on her alternate demand for damages against defendant, Leonard Kinchen, are preserved.
It is further ordered, adjudged and decreed that the claims of Stutz against Fireman’s and the estate of Ourso are preserved.
It is further ordered, adjudged and decreed that plaintiff, Edna Stewart Kinchen, pay all costs incurred in these proceedings, both in the trial and appellate court, to date.
It is further ordered, adjudged and decreed that this matter be remanded to the trial court for further proceedings consistent with the views herein expressed.
Affirmed in part, reversed in part, and remanded.
SARTAIN, J., takes no part.