ESTATE OF A. GILMER v. J. A. VEATCH.

No. 1937.    Decided March 24, 1909.

**1.—Appeal—Cross Assignment.**

Cross-assignments by an appellee who had not himself taken an appeal and which do not affect the interest of the appellants in the judgment will not be considered. (P. 386.)

**2.—Community Property—Deed by Heirs—Notice.**

A conveyance of the grantor's interest in the estate of John A. Veatch deceased, he being a son and the land formerly the community property of Veatch and his wife, both deceased, the title being in the husbands name, to purchasers having no other notice of the interest of the deceased wife, passed the legal title, such instrument not conveying notice of the existence of any equitable rights in the grantor as heir of the deceased wife. The innocent purchaser was protected against such equity of the grantor. (Pp. 385, 386.)

Error to the Court of Civil Appeals for the Fourth District, on error from Orange County.

The suit was brought by J. Alfred Veatch and others, heirs of John A. Veatch and his wife, both deceased, for the recovery of land. Plaintiffs had judgment recovering the interest which they inherited as heirs of the deceased wife, the conveyance under which defendants claimed being of plaintiff's "interest in the estate of John A. Veatch, deceased." J. Alfred Veatch alone appealed, asserting that his title to the father's interest had not passed because the power of attorney under which it was executed did not authorize the conveyance. Appellee, by cross-assignments, asserted error in the ruling which held that the conveyance did not pass the interest of plaintiff as heir of the mother's community estate. The judgment was affirmed and appellee obtained writ of error.

*George E. Holland,* for plaintiff in error.—Where one owning an apparently perfect legal title sells same, he will not afterwards be heard to assert a secret or equitable title as not passing by such conveyance. Henslee v. Henslee, 5 Texas Civ. App., 367.

A bona fide purchaser of the legal title to property, without notice

of the rights of others, is entitled to protection as against those who may have an equitable interest undisclosed. Loan Agency v. Taylor, 88 Texas, 49; Patty v. Middleton, 82 Texas, 586; Hill v. Moore, 62 Texas, 610.

*W. D. Gordon,* for defendant in error.—This court can not consider cross-assignments of error of the appellees who have filed a brief in this court, against other appellees who have not appealed, but who recovered against them in the lower court. Halsell v. Neal, 23 Texas Civ. App., 26; Texas & N. O. Ry. Co. v. Skinner, 4 Texas Civ. App., 661; De La Vega's Heirs v. League, 21 S. W., 565; Smith v. Bunch, 31 Texas Civ. App., 541.

When the facts put a reasonably prudent person upon inquiry, he must pursue this inquiry to its conclusion in the truth, and can not otherwise be an innocent purchaser. Simmons Creek Coal Co. v. Doran, 142 U. S., 437; United States v. Sliney, 21 Fed., 894; Martel v. Somers, 26 Texas, 561; Mayor of Baltimore v. Whittington, 27 Atl., 984; Thomas v. City of Flint, 81 N. W., 936, 47 L. R. A., 499; Hill v. Moore, 85 Texas, 347; Texas & N. O. Ry. Co. v. Barber, 31 Texas Civ. App., 84; Murchison v. Mexia, 36 S. W., 829.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is an agreed case. The agreement shows that John A. Veatch during his lifetime became the owner of the south half and of an undivided one-eighth interest in the north half of the Kennard league of land, and that he sold 1427 acres and died possessed of 1349 acres. This was the community property of John A. Veatch and his deceased wife who died in 1845. Veatch lived until 1870. He left only six children, all having been born of his said wife: Andrew A., Samuel H., Ada, Fannie, James J., and Alfred. Fannie and Alfred still live. Andrew A. died in 1871 and left John A. and Mary Veatch as his heirs. His widow married G. H. Snow, and is still living. Samuel died about 1904. Ada married J. M. Gitchell and died May 31, 1898, and her husband died November 23, 1897. They left surviving them Ada, Corwin, Allan V. and Myrtle Gitchell. A son, Charles, died before his father and mother without ever having been married.

It is also agreed that the defendants own all the land in suit, the title to which has never passed out of the heirs of John T. Veatch, and that they acquired the property in good faith for value holding proper deed therefor.

It is further agreed that under said powers of attorney Samuel H. Veatch, acting for himself and for Fannie Veatch and James J. Veatch, conveyed to D. J. Henderson the south half of the W. S. Kennard league except 1427 acres sold and conveyed by John A. Veatch in his lifetime; and also that he, Samuel H. Veatch, acting for himself and as attorney in fact for John A. Veatch, May Veatch, Ada V. Gitchell, J. M. Gitchell, J. Alfred Veatch conveyed all the right, title and interest they have as heirs at law in the W. S. Kennard league. It was further agreed that the Gitchell power of at-

torney was made, executed and delivered in California and by the law of that State it is provided by statute that "Agency is terminated by notice to the agent of the death of his employer."

The judgment of the trial court was that certain of the plaintiffs should recover of defendants 762 acres of the land in controversy.

The judgment was affirmed by the Court of Civil Appeals.

But for the reason that only the defendant in error appealed and that the plaintiff in error complained of the judgment only by cross-assignments, but one of which affected the defendant in error's interest in the judgment, the Court of Civil Appeals declined to consider any of them except the latter and holding that it showed no error affirmed the judgment. We think this action of the Court of Civil Appeals in not considering the cross-assignments against parties who had not appealed was correct, but we think they erred in not sustaining the cross-assignment which they did consider. That cross-assignment asserts that the court erred in not holding that the deed of John A. Veatch by his attorney in fact, Samuel H. Veatch, did convey the equitable title inherited from his mother in the land and in not decreeing that the vendee in such deed was an innocent purchaser of that interest. The agreed statement is "that the defendants own all the land in suit, the title to which has never passed out of the heirs of John A. Veatch and that they acquired the property in good faith for value holding proper deed therefor." But the Court of Civil Appeals held that by reason of the fact that the deed purported to convey John A. Veatch's interest as an heir, this apprised the purchaser of the fact that he was a son, and that his father had been a married man, and that the property may have been acquired in the lifetime of his mother. It seems to us that this is pushing the doctrine of notice too far. There was nothing upon the face of the deed to indicate that at the time it was executed John A. Veatch had a wife then living, so there is nothing on the face of the papers to give notice of that fact. We are unable to discern any fact in the case that should have put the purchasers of the land upon notice that Mrs. Veatch was living at the time the land was acquired by her husband, John A. Therefore we are of the opinion that instead of recovering of John A. Veatch 111 acres of the land, the defendant should have recovered 222 acres, and accordingly the judgment will in that respect be reformed and in all other respects affirmed.

*Reformed and affirmed.*