GRIGGS v. HOUSTON OIL CO. OF TEXAS.
(No. 93-2913.)

(Commission of Appeals of Texas, Section B. June 21, 1919.)

1. VENDOR AND PURCHASER &⟶231(2) — RECORDED INSTRUMENTS—EFFECT.

Land purchasers are charged with knowledge of all facts appearing in recorded instruments, and where circumstances appear in chain of title sufficient to put a reasonably prudent man on inquiry, the purchaser is charged with knowledge of facts which might have been discovered by reasonable inquiry.

2. VENDOR AND PURCHASER &⟶230(1)—BONA FIDE PURCHASER — EFFECT OF RECORD AS NOTICE.

A fact disclosed by acknowledgment of a recorded power of attorney has same effect as if it appeared elsewhere in instrument, so far as notice to land purchaser of defect in chain of title is concerned.

3. VENDOR AND PURCHASER &⟶230(1) — NOTICE TO PURCHASER—MARRIAGE.

. Where record showed a conveyance to "Elizabeth O. Griggs," and that she later gave a power of attorney in which she was described as "Mrs. Elizabeth O. Griggs," there is no constructive notice to a purchaser that she had a husband living when land was conveyed to her.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Trespass to try title by the Houston Oil Company of Texas against R. H. Griggs and others. Judgment for plaintiff for partial relief was reversed by the Court of Civil Appeals, which rendered judgment for the relief asked (181 S. W. 833), and the named defendant brings error. Affirmed.

Forse & Ferguson, of Newton, for plaintiff in error.

H. O. Head, of Sherman, and Parker & Kennerly and Fred L. Williams, all of Houston, for defendant in error.

MONTGOMERY, P. J. This suit was instituted by the Houston Oil Company against J. S. Griggs, Marion Griggs, and R. H. Griggs in the usual form of trespass to try title to recover the west 220 acres of a 320-acre survey granted by the state of Texas to Sampson Watson by patent dated February 8, 1859. J. S. Griggs and Marion Griggs disclaimed all interest in the land in controversy. R. H. Griggs answered by plea of not guilty and plea setting up the statute of limitation. The trial court rendered judgment for plaintiff for an undivided interest of 137½ acres in the 220-acre tract and in favor of the defendant R. H. Griggs for the remaining undivided interest of 82½ acres. From this judgment the plaintiff, Houston Oil Company, appealed. The Court of Civil Appeals reversed the judgment in favor of R. H. Griggs for 82½ acres, and rendered judgment for the Houston Oil Company for the entire tract of 220 acres. 181 S. W. 833. R. H. Griggs applied for and obtained a writ of error.

The facts so far as necessary for a proper understanding of the question decided by us are: That the 320-acre tract granted to Sampson Watson was on October 15, 1859, conveyed by him to "Elizabeth O. Griggs," who was at that time a married woman; Berry Griggs being her husband. There was nothing in the deed to indicate that Elizabeth O. Griggs was a married woman, but in fact on said date she was the common-law wife of Berry Griggs and bore eight children to him. Berry Griggs died in the year 1881. At the time of his death the 320 acres of land had not been sold. The evidence further shows that there was nothing in the deed to Elizabeth O. Griggs to indicate that the property was her separate property, and it was in fact the community property of Berry Griggs and Elizabeth O. Griggs.

On April 16, 1890, Elizabeth O. Griggs executed a power of attorney to C. E. Smith, authorizing him to sell and convey the west 220 acres of the Sampson Watson survey, which is the land in controversy in this case. There was nothing in the body of the power of attorney to indicate that Elizabeth O. Griggs had ever been married, her name appearing therein as "Elizabeth O. Griggs." The acknowledgment to the power of attorney, however, recites that "Mrs. Elizabeth O. Griggs" appeared before the officer and acknowledged the deed, etc.; the acknowledgment being in the usual form for a feme sole. Acting by virtue of this power of attorney, C. E. Smith sold the land in controversy, and the Houston Oil Company claimed by a regular chain of title from the vendee in the deed executed by Smith as attorney in fact.

After the sale of the 220 acres by Smith as attorney in fact, Elizabeth O. Griggs resided on the east 100 acres of the 320-acre tract until her death, which occurred some time subsequent to the year 1890. After her death the children of Berry Griggs and Elizabeth O. Griggs took possession of the 100 acres of land as heirs, and sold and conveyed the same and appropriated the proceeds. The defendant R. H. Griggs claimed title as heir of his father, Berry Griggs, and also under deeds from five of his brothers and sisters conveying to him their interest to the land in controversy.

### Opinion.

We approve the holding of the Court of Civil Appeals that the facts show a common-law marriage to have existed between Berry Griggs and Elizabeth O. Griggs, and that under the law as it stood at the time said marriage was consummated there was no legal impediment to the marriage.

The trial court held that the description of the grantor as "Mrs. Elizabeth O. Griggs" in the acknowledgment of the power of attorney executed by her "was sufficient to put the predecessor in title of the plaintiff herein on notice that said Elizabeth O. Griggs had been or was at the time of the acknowledgment a married woman, which notice, if followed up by inquiry, would have resulted in the ascertainment of the fact that Elizabeth O. Griggs had been the wife of Berry Griggs, and that she at that time had children as the result of her common-law marriage with Berry Griggs, which children were entitled to the community interest of Berry O. Griggs." The trial court also found that there was nothing else shown tending to put the plaintiff on notice as to the claims of the defendant. The trial court denied the claim of innocent purchaser asserted by the Houston Oil Company.

The Court of Civil Appeals held that the recital in the acknowledgment was not such notice as prevented the oil company from being an innocent purchaser, and so reversed the action of the trial court and rendered judgment for the Houston Oil Company for all the land in controversy. Whether the Houston Oil Company was an innocent purchaser without notice of the rights of the

heirs of Berry Griggs is the only question which we think necessary to decide.

[1] Every vendee of land is charged with knowledge of every fact which appears in any instrument in the chain of title through which he claims, and where in the chain of title there appears any statement of fact or other circumstance sufficient to put a reasonably prudent man on inquiry as to the rights of other parties in the property conveyed, the purchaser is charged with knowledge of all facts which would have been discovered by reasonable inquiry. Willis v. Gray, 48 Tex. 463, 26 Am. Rep. 328; John et al. v. Battle et al., 58 Tex. 591; Hines v. Perry, 25 Tex. 443; O'Mahoney v. Flanagan, 34 Tex. Civ. App. 244, 78 S. W. 245. This principle is universally recognized, but the difficulty in this as in most cases is to properly apply it to the particular transaction. The chain of title through which the Houston Oil Company claims title discloses that the land was conveyed in 1859 to "Elizabeth O. Griggs," and that in 1890 she gave a power of attorney under the same name, in the acknowledgment to which she is described as "Mrs. Elizabeth O. Griggs."

[2] We think the acknowledgment is a part of the instrument, and that a fact disclosed in the acknowledgment should be given the same effect as if it appeared elsewhere in the power of attorney. Green v. Hugo, 81 Tex. 452, 17 S. W. 179, 26 Am. St. Rep. 824.

[3] The designation of the grantor in the power of attorney as "Mrs." was sufficient to put a purchaser on notice that she either was at that time, or had at some prior time, been a married woman, and taken in connection with the fact that she executed the power of attorney as a feme sole clearly indicated that she was, at the time the power of attorney was given, a widow. The fact that the land was conveyed to Elizabeth O. Griggs, and subsequently conveyed by her in the same name, indicates that she was married at some time prior to the date of the conveyance to her. The power of attorney, therefore, reasonably gave notice that the maker was once married to a man named Griggs, and that this marriage occurred prior to 1859; but there was nothing in the power of attorney or elsewhere in the record to indicate that the husband was living at the time the land was conveyed to Elizabeth O. Griggs.

Without undertaking to discuss all the cases which might properly be considered, we think, under the authority of the case of Gilmer v. Veatch, 102 Tex. 384, 117 S. W. 430, that the conclusion of the Court of Civil Appeals that the Houston Oil Company is an innocent purchaser must be sustained. In the Veatch Case the heirs of John A. Veatch sued to recover the community interest inherited by them from their mother. The defendants claimed through deeds from the heirs conveying only the interest inherited by them from their father, John A. Veatch. The Court of Civil Appeals held that the deed of John A. Veatch, Jr., one of the heirs, conveyed upon its face only the interest inherited by him from his father. In that case the land was conveyed to John A. Veatch, Sr., during the lifetime of his wife, and was community property. The Court of Civil Appeals found, and the Supreme Court seems to have agreed with it, that "by reason of the fact that the deed purported to convey John A. Veatch's interest as an heir this apprised the purchaser of the fact that he was a son, and that his father had been a married man, and that the property may have been acquired in the lifetime of his mother." These deductions from the facts do not seem to have been questioned by the Supreme Court, but the Supreme Court said:

"It seems to us this is pushing the doctrine of notice too far. There was nothing upon the face of the deed to indicate that at the time it was executed John A. Veatch had a wife then living, so there is nothing on the face of the papers to give notice of that fact. We are unable to discern any fact in the case that should have put the purchasers of the land upon notice that Mrs. Veatch was living at the time the land was acquired by her husband, John A. Veatch."

In the Veatch Case the purchaser had notice of the fact that John A. Veatch had at one time been married, but, as stated in the opinion, nothing appeared on the face of the title to indicate that the marriage relation existed when the land was acquired. In the instant case the purchaser had notice that Elizabeth O. Griggs had been married, but there was nothing on the face of the title papers to indicate that she was not a widow when the land was acquired. If it be necessary, as seems to have been held in the Veatch Case, that there must be something on the face of the title papers to indicate the existence of the marriage relation at the time the title is acquired in order to give notice of the community interests of the children of the deceased spouse, then no facts were shown in this case which gave such notice.

We have not been able to satisfactorily reconcile the holding in the Veatch Case with the decision of Justice Stayton in the case of Hill v. Moore, 85 Tex. 335, 19 S. W. 162; but the Veatch Case being the latest expression by the Supreme Court, and appearing to us to be upon the identical question presented in this case, we have concluded that it was our duty to be governed by it.

We recommend, therefore, that the judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.