UNIVERSAL CREDIT CO. v. VANCE et al.
'No. 3663.

Court of Civil Appeals of Texas. El Paso.
April 21, 1938.

Rehearing Denied May 12, 1938.

G. H. Stalker, of Detroit, Mich., and Jones, Hardie, Grambling & Howell, of El Paso, for appellant.

J. M. Goggin and Isaacks & Lattner, all of El Paso, for appellees.

NEALON, Chief Justice.

Between March 27, 1936 and January 6, 1937, Ford Motor Company sold to Patteson Motor Company, certain motor vehicles described in the appellant's pleadings. Each vehicle was sold under a conditional sales contract, by the terms of which it was provided that title should not pass to the Patteson Motor Company until all sums due under the contract should be fully paid in cash. The contracts provided further that time was of their essence; that in the event the buyer defaulted in payment or failed to comply with any condition of his contract, or if any other contract between seller or seller's assignee and purchaser became in default, each of said contracts should be in default and the full amount should become due and payable immediately, with the right upon the part of seller's assignee to take immediate possession and resell the property so retaken, applying the proceeds of such resale to the payment of the expenses thereof and to the reduction or satisfaction of the claim of seller's assignee. The buyer purchased with notice of an intended assignment to Universal Credit Company, appellant herein, and the various contracts were so assigned. January 11, 1937, these conditional sales contracts were filed as chattel mortgages in the office of the County Clerk of El Paso County, Texas, and duly registered. They were placed in the hands of appellant's attorney, the indebtedness having previously been declared due, and suit was filed in the District Court of El Paso County. The vehicles were seized under writ of sequestration issued at appellant's instance and delivered to the sheriff. January 8, 1937, Ford Motor Company sold Patteson Motor Company three automobiles under a like conditional sales contract, and assigned the contract to appellant, and upon default in other obligations appellant, after declaring the indebtedness secured by the last mentioned contract due, took possession of said last three automobiles.

Between the 2nd day of August, 1936, and the 6th day of January, 1937, Patteson Motor Company also made, executed and delivered to appellant certain chattel mortgages described in the pleadings to secure specified sums of money described in the mortgages. These mortgages which were not for purchase money, or to secure amounts due for purchase money, were placed against "used" vehicles. They were filed as chattel mortgages January 11, 1937, and duly registered. January 14, 1937, appellant, having previously declared due the indebtedness secured thereby, filed suit for foreclosure, and caused said motor vehicles to be seized by virtue of a writ of sequestration. Both the conditional sales contracts and the chattel mortgages were made in contemplation of the continuous exposure of said vehicles for sale in the normal course of trade, and they were so exposed for sale until seized as aforesaid.

January 21, 1937, at the instance of Firestone Tire & Rubber Company, a general receiver was appointed to take charge of the assets of the defendant Patteson Motor Company, the ground of said receivership being that said Company was insolvent or in imminent danger of insolvency.

February 3, 1937, appellant and the receiver entered into a stipulation under the terms of which appellant dismissed its suit in the District Court and agreed that the motor vehicles which had been seized should be delivered to the receiver, with the right upon the part of appellant to have all of its rights under the writ of sequestration fully recognized to the same extent as though its suit had been duly prosecuted to a conclusion, and it should have a right to file its claims, which the receiver agreed to pass upon under the direction of the

Court, with the further right upon the part of appellant, in the event its claims were not approved, to bring suit for their determination in a court of competent jurisdiction. The Firestone Tire & Rubber Company and certain other creditors of the debtor corporation who are named as appellees, all of whom were unsecured creditors and had approved claims, answered appellant's claim and objected to its allowance upon various grounds, alleging that appellant was not entitled to a preference lien, that the purported mortgages were not filed as required by law, that the mortgages were not given for the purchase money of the automobiles described in them, and that said automobiles were daily exhibited for sale by debtor corporation. The receiver likewise filed objections to the claim of appellant and adopted the allegations of the named objecting creditors. Upon trial without the intervention of a jury the Court held that Universal Credit Company had a valid claim against the receiver for the various amounts due upon the conditional sales contracts and the chattel mortgages, and that the liens reserved in the conditional sales contract were valid as against the creditors, but that the liens created by the chattel mortgages on the used cars were not valid as to the creditors, and judgment in conformity to said conclusions was rendered.

Findings of fact and conclusions of law were filed. Appellant herein excepted to the judgment of the Court insofar as it refused to recognize its alleged liens resulting from the chattel mortgages, and the receiver and the intervening creditors excepted to the judgment in recognizing the Universal Credit Company's purchase money lien as against the other creditors of Patteson Motor Company. Motion for new trial was filed by Universal Credit Company and was overruled. From the judgment and the order overruling the motion for new trial Universal Credit Company prosecutes this appeal. None of appellees gave notice of appeal or filed appeal bonds of any character.

### Opinion.

Appellant urges three assignments of error. By the first and second it challenges the action of the Court in holding that appellant had not a valid first lien prior to all other claims except the costs of administration and expenses by virtue of said chattel mortgages upon the used cars. In Duncan, Wyatt & Co. v. Taylor et al., 63 Tex. 645, it was held that the Act from which Article 4000 of the Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. art. 4000, and a like article in previous revisions of the statutes, was codified declared void mortgages upon stocks of goods daily exposed for sale in the regular course of business, and that neither their subsequent recording nor seizure of the mortgaged property under process would validate such mortgages as against general creditors. This decision followed that of the Supreme Court in Peiser v. Peticolas, 50 Tex. 638, 32 Am.Rep. 621, holding that mortgages of this character, though recorded, were void except as between the parties thereto, citing and reviewing various authorities. See, also, First National Bank v. Thompson, Tex.Com.App., 265 S.W. 884. Guided by these precedents, we overrule appellant's first and second assignments of error.

By its third assignment of error appellant insists that the Court erred, in any event, in allowing any creditors other than those who filed and urged written objections to appellant's claim or lien to share in the proceeds derived from the sale of the vehicles described in the chattel mortgages, contending that the receiver was without authority to represent said other creditors as against appellant. We think the objection is not well taken. It was the function of the Court to pass finally upon the validity of claims and of the alleged priorities. In the discharge of this duty the Court held that no valid lien existed against the used cars by virtue of the chattel mortgages. Appellant is in no position to complain of the conduct of the receiver in calling the Court's attention to either the facts or the law applicable to its claims. As to the receiver's status in this Court: He was brought here by the appeal of the Universal Credit Company. However, the objections of Firestone Tire & Rubber Company and the creditors who appeared with them, inure to the benefit of all general creditors. Texas Bank & Trust Co. v. Teich, Tex.Civ.App., 283 S.W. 552. This is not in conflict with Trice v. American Trust & Savings Bank, Tex.Civ.App., 259 S.W. 993, which, though holding that it was necessary for the Trustee in Bankruptcy challenging the validity of a mortgage to show that he represented "some" creditor who, acting alone, would be entitled to make the attack, did not hold that it was necessary that "all" creditors represented by the Trustee should be of that class. In that case, too, the automobiles

were voluntarily surrendered by mortgagor and segregated from the stock. In the instant case neither of these acts were performed. Our present holding is consistent with the rule stated in 6 Pom.Eq.Jur. (3d Ed.) p. 1451, and Tatum v. Rosenthal, 95 Cal. 129, 30 P. 136, 29 Am.St.Rep. 97. It is also in harmony with Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198, which holds that a mortgage void by reason of failure to observe statutory· requirements as to creditors who were such at the date of the mortgage is void as against those who gave bankrupt credit after its record.

Nor is it certain that the receiver would not have authority to actively litigate the claim of appellant and appeal from an adverse decision. Bosworth v. Terminal Railroad Ass'n, 174 U.S. 182, 19 S.Ct. 625, 43 L.Ed. 941. However, the question as to his right to appeal becomes academic in view of our further holdings. The third assignment insofar as it is based upon this proposition is overruled.

Appellant and appellees have each urged in this Court that the pleadings and the evidence were insufficient to warrant the relief accorded the other.

None of appellees gave notice of appeal or filed any character of appeal bond. As stated, appellant appealed from only so much of the judgment as held the chattel mortgages invalid as to creditors. Therefore, we have not jurisdiction to consider appellee's assignments attacking the Court's action holding the conditional sales contracts valid as to creditors. Such was the effect of the holding of the San Antonio Court of Civil Appeals in Veatch v. Gilmer, 111 S.W. 746. The action of the Court of Civil Appeals in this respect was upheld by the Supreme Court in Gilmer's Estate v. Veatch, 102 Tex. 384, 117 S.W. 430.

However, were we to pass upon these assignments we would affirm the District Court's action in holding that the conditional sales contracts were valid and effective as against unsecured creditors. Article 4000 condemns liens attempted to be "given" in the contingencies named in the article, not titles "reserved" or liens "reserved" to secure the payment of the purchase price of the articles involved. The distinction was recognized in Bowen v. Lansing Wagon Works, 91 Tex. 385, 43 S. W. 872, and was declared by the Commission of Appeals in Commercial Credit Co.

v. Schlegel-Storseth. Motor Co., 23 S.W.2d 702.

As to appellees' pleadings: We think that under the liberal rule that obtains where objections are not urged until after judgment and appeal the general demurrer now sought to be urged must be overruled. Appellant contends that there were no allegations that the debts due from Patteson Motor Company accrued prior to· the filing of the chattel mortgages and the removal .of the motor vehicles from the possession of debtor, and that there was· no evidence to sustain a finding to that effect. Neither general demurrer nor special exception was urged as to appellees' pleadings. All parties treated them as alleging that the claims of appellees were of a character that warranted objection to appellant's claims. Pleadings may always be given the construction that the parties themselves have given them and acted upon. Stinson v. King, Tex.Civ.App., 83 S.W.2d 398. A very liberal view of construction obtains after verdict. Humphreys Oil Co. v. Liles, Tex.Com.App., 277 S.W. 100. In the language of Mr. Justice Gaines in Schuster v. Frendenthal & Co., 74 Tex. 53, 11 S.W. 1051, "The allegations in the petition under consideration do not very distinctly show a cause of action. But we think every fact necessary to sustain the recovery may be deduced from them by fair implication." "After verdict and judgment, all that is possible must be presumed in aid of the pleading objected to." Ferguson v. Conklin, Tex.Civ.App., 51 S.W.2d 622, 624, citing Southern Casualty Co. v. Morgan, Tex.Com.App., 16 S.W.2d 533. See, also, City of San Antonio v. Bodeman, Tex. Civ.App., 163 S.W. 1043. Illustrative of the extent to which parties may waive pleadings by their conduct in the course of trial is Texas Employers' Ins. Ass'n v. Marsden, Tex.Sup., 114 S.W.2d 858, decided March 30, 1938. Then, too, it is to be remembered that this is but one phase of the receivership proceeding. The objections recited that the claims of objecting creditors had been approved. The Court knew judicially what had taken place in the case. Traders & General Ins. Co. v. Rhodabarger, Tex.Civ.App., 109 S.W.2d 1119 and cases cited. It will be presumed in support of judgment that their proofs of claim and evidence in support thereof were sufficient to permit them to object. In any event, the holding of the Supreme Court in Peiser v. Peticolas, supra, supports the Court's action upon these issues.

512

It follows from what has been said that all assignments and cross-assignments of error should be overruled. It is so ordered.

Judgment is affirmed.