## WALLER–McCUMBER, Inc., v. FIELDS.

### No. 10925.

Court of Civil Appeals of Texas. Galveston.

Jan. 11, 1940.

Rehearing Denied Feb. 29, 1940.

Fitzpatrick & Wells, of Houston, and Touchstone, Wight, Gormley, Strasburger & Price and Allen Wight, all of Dallas, for appellant.

Simpson, Dorenfield & Fullingim, of Amarillo, and Benbow & Saunders, of Dallas (Henry D. Akin, of Dallas, of counsel), for appellee.

GRAVES, Justice.

The gist of this action, as well as of the disposition thereof below; is thus in part stated in appellant's brief:

"This is a suit by Waller-McCumber, Inc., as assignee of Texas Fire & Casualty Underwriters, a reciprocal insurance exchange, against R. B. Fields, to recover premiums on certain policies of insurance against the liability of the latter as employer, either under Workmen's Compensation Act or otherwise, and against liability for personal injuries and property damage to third persons. The trial court allowed the plaintiff a recovery of the premiums on certain of the policies, but denied it a recovery of the premiums on others, and also denied it a recovery of its claimed premiums computed on the unreported pay-rolls on the policies on which it was otherwise allowed a recovery. * * *

"The policies involved * * * were four in number:

"(1) May 27, 1937, Workmen's Compensation and employer's liability on Louisiana operations, Policy No. WC–202317;

"(2) May 27, 1937, Public liability and property damage on Louisiana operations, Policy No. P.M.C.–82737;

"(3) April 17, 1938, Workmen's Compensation and employers' liability on Louisiana operations;

"(4) April 27, 1938, Public liability and property damage on Louisiana operations; and a similar group of policies dated April 27, 1938. * * *

"In addition to the reported pay-rolls on the Texas business, there were alleged to be unreported pay-rolls amounting to $4000.00, on which the claimed premiums sued for aggregated $530.00. * * *

"The earned premium on the reported pay rolls amounted to $6560.47.

"The defendant denied liability for the unpaid premiums on the Texas policies, and was sustained in his position by the trial court, with judgment accordingly."

The material substance of the challenged judgment—rendered by the court without a jury's aid—inclusive of a concluding specification of the extent to which notice of appeal therefrom was given, is this:

"* * * the court finds that the plaintiff herein sues to recover of and from the defendant herein premiums upon the various policies of insurance * * *, which said policies of insurance the court finds covers the defendant's operations in Texas as to certain of said policies and covers defendant's operations in Louisiana as to certain of said Policies, which are identified in the evidence heard, * * * the court finds and decrees that by virtue of the issuance of the policies .* * covering the defendant's Texas operations, that the defendant stands legally indebted to the plaintiff at this time, subject to deductions hereinafter mentioned, for premiums on the Texas policies amounting to the total sum of $6560.47; but from the pleadings of the parties and the evidence heard, the court finds that heretofore and prior to the filing of this suit the defendant has duly paid to the plaintiff to be credited on the premiums due under the Texas Policies * * * $2018.88, so that the court finds that, subject to the credits hereinafter mentioned, the defendant at this time stands justly indebted to the plaintiff for premiums due on the Texas policies, that is, the policies covering the Texas operations, in the sum of $4541.59; but the court further finds * * * and decrees that prior to the filing of this suit the defendant turned over to the plaintiff the note of Frank Bennett, or the Bennett Petroleum Company, * * * said note

amounting to the principal sum of $1987.-50, plus interest accrued thereon in the sum of $89.37, making a total principal and interest due on said note of $2076.87; and * * * the court further finds and decrees that the plaintiff accepted said note from the defendant not as collateral security for plaintiff's debt but as absolute payment on defendant's account to plaintiff, so that the court finds that the total remaining debt owed by defendant to plaintiff because of premiums due on the policy covering the defendant's Texas operations of $4541.59 is further subject to a credit of $2076.87, leaving a net balance of debt owed by defendant to plaintiff because of premiums due under the policies issued to defendant covering his Texas operations by Texas Fire and Casualty Underwriters of $2464.72.

"* * * the court further finds and decrees that the plaintiff alleges and shows * * * that the defendant became indebted to plaintiff because of premiums accruing and becoming due under the policies * * * issued by Texas Fire and Casualty Underwriters to defendant and covering his operations in the State of Louisiana in the sum of $2527.44. * * * The court further finds, adjudges, and decrees, that prior to the filing of this suit the defendant, R. B. Fields, paid in cash to the plaintiff, which the plaintiff credited on the premiums due under the Louisiana policies, the sum of $1059.14, so that * * * the plaintiff now sues the defendant for the remaining unpaid portion of the premiums alleged to be due on the policies in question covering defendant's Louisiana operations in the sum of $1468.30; but * * * it is ordered, adjudged and decreed by the court that the plaintiff take nothing as to the defendant as to the $1468.30 premiums sued for herein as being the remaining sum due on premiums accruing under the policies covering defendant's operations * * *.

"The court further finds, adjudges and decrees that the defendant * * * is entitled to recover of and from the plaintiff the sum of $1059.14, heretofore paid in cash by defendant to plaintiff and credited by plaintiff on the total premiums of $2527.44 claimed to have accrued as premiums on the policies covering the defendant's Louisiana operations, and he is entitled to have said sum of $1059.14 so paid by defendant in cash to plaintiff and credited on the Louisiana premiums, cred-

ited in turn on the balance of defendant's debt due as premiums on the policies covering defendant's Texas operations, said balance of said Texas debt being $2464.72, * * * leaving the defendant justly and legally indebted to the plaintiff as premiums on the policies covering defendant's Texas operations in the sum of $1405.58. * * *

"The court further finds, * * * that the plaintiff sues the defendant herein to recover premiums alleged to be due on the Texas policy * * * on a pay-roll of defendant accruing between the 19th of July, 1938, and prior to August 22, 1938, of about $4000.00, but the court finds that the defendant is not indebted to the plaintiff on said pay-roll for any such premiums * * *.

"To all that portion of this judgment herein denying plaintiff recovery for the $1468.30 remaining on the total Louisiana premiums of $2527.44 sued for herein, and to all that portion of the judgment herein allowing defendant to credit on his debt to plaintiff for premiums on the policies covering defendant's Texas operations the sum of $1059.14 paid by defendant to plaintiff and credited by plaintiff on the premiums due on the policies covering defendant's Louisiana operations, the plaintiff excepts and objects, and gives notice of appeal."

Otherwise than as appears in the quoted judgment, no findings of fact nor conclusions of law were either requested or filed.

Appellant inveighs against this adverse determination below, mainly through four propositions of law, in general substance as follows:

(1) In the refusal to include in its recovery the amounts of unpaid premiums on the workmen's compensation policies, covering the appellee's operations in the State of Louisiana;

(2) In its having credited on the account of the appellee the amounts paid by him on the policies covering his Louisiana operations;

(3) In that there was not included in the recoveries awarded it the amounts of unpaid premiums on policies of public-liability and property-damage, covering the appellee's operations in the State of Louisiana;

(4) In its failure to include in recoveries allowed it the amounts of unpaid premiums on certain alleged unreported pay-rolls

covering the appellee's operations in the State of Texas.

After careful consideration of the extended record, aided by able briefs and oral arguments of both sides, this court has concluded that none of appellant's contentions should be sustained, but that the trial court's quoted judgment reflects the justice of the cause, as shown by the record brought here.

█ In the first place, there is no impeachment of the final recitation in the decree so fixing the limited reaches of this appeal; as is plainly apparent therefrom, there is no exception to nor notice of appeal from that portion of the judgment denying the appellant any recovery upon the alleged unreported pay-rolls on Texas business; such notice of appeal was an indispensable prerequisite to the bringing of that feature of the cause under review here, pursuant to R.S. Art. 2253, Vernon's Ann.Civ.St. art. 2253, in its absence, this court has no jurisdiction to consider appellant's assignments attacking the trial court's action in denying its claim with reference to such alleged unreported pay-rolls; R.S. Art. 2253; Universal Credit Co. v. Vance, Tex.Civ.App., 117 S.W.2d 508; Veatch v. Gilmer, Tex.Civ.App., 111 S.W. 746; Gilmer's Estate v. Veatch, 102 Tex. 384, 117 S.W. 430.

█ In the second place, if that claim were here for review, it could not be sustained anyway; this for the reason that the judgment allowed appellant the full $6,560.47 so claimed by it for "earned premiums on the reported pay-rolls on the Texas operations, subject, however, to the deductions hereinafter mentioned", as the decree. in purport recites.

Moreover, there was further neither pleading nor proof of any specific amounts under this claim, and from stipulations of the agreed facts it becomes clear that appellant waived it, hence became estopped to thereafter set it up; this appears from pages 6 to ‑9, inclusive, of the statement of facts, wherein the appellant's duly-authorized agent, Cooper, in express terms agreed with appellee's bookkeeper, Myers, to the effect that no pay-rolls of the appellee would or should be reported to the appellant, or to its predecessor in interest, for the period from July 19 of 1938 to August 22 of 1938; wherefore, in no event, was the appellant entitled to re-

cover for any premiums claimed on such pay-rolls after July 19 of 1938.

█ In support of its first three propositions, appellant relies upon a postulate of fact not supported either by the trial court's findings or the evidence, to-wit, that the policies of workmen's compensation and employers' liability insurance it sued upon were "executed and delivered in Texas by a Texas company to a Texas citizen, which policies, however, might, for convenient and satisfactory performance, involve acts in the State of Louisiana, where the insurer had no license to write insurance". There is no finding nor evidence supporting this assumption that the insurance was written in Texas by a Texas company, nor any showing, as to the place where the contracts were actually made, issued, or delivered; on the contrary, all that appears is that at the time of this trial below the appellee was a citizen of Texas, his address at the date the policies bore, as well as thereafter on June 1 of 1937, being given as Oklahoma City, Oklahoma; further, that the policies were procured both from a company organized under the laws of Texas and through an agent doing business there, neither of whom had any permit to write insurance in the State of Louisiana; furthermore, as will more fully hereinafter appear, both under the stipulation of agreed facts and the terms of the policies themselves, the trial court would have been justified in so doing, if not required, to conclude that the contracts not only were referable to but actually called for the construction thereof under the laws of Louisiana.

It is true, however, that the policies were issued on the official Texas forms for workmen's compensation insurance, one covering appellee's operations and employees in Texas, and one at least purporting to cover his operations and employees in Louisiana; but—in consonance with the compensation system in vogue in Texas—although carrying such Louisiana coverage as stated, they undertook to release the liability of the appellee as an employer to an injured Louisiana employee upon a Louisiana job, which provision ran directly contrary to the Louisiana laws, under which no such liability could be released.

The theory, therefore, of the learned trial court's judgment, presumably at least,

was that the sued-for premiums on the policies so covering the appellee's operations and employees—having been procured from an agent and insurance company without either license or permit to assume such risks in Louisiana, and which were performable there—were not only violative of, but affirmatively null and void under, the laws of the State of Louisiana; and that, perforce of such invalidity of the contracts as sought to be so applied, the appellant should be denied its coveted recovery upon the unpaid premiums thereon; consequently, that the appellee, in turn, who had not known of such invalidity at the time he took out the policies, should be credited on his valid obligations to the appellant upon the Texas policies with the premiums he had paid the appellant on such illegal Louisiana engagements up to the time of his so discovering.

This court is unable to find fault with the judgment so grounded; on the contrary, it is held to have been the only one that could properly have been rendered upon what must here be assumed to have been the facts underlying it; these authorities are thought to fully sustain this conclusion: American Nat'l. Ins. Co. v. Smith, Tex.Civ.App., 13 S.W.2d 720, writ of error refused; 14 R.C.L. 866, Section 37; National Life & Accident Ins. Co. v. Smith, Tex.Civ.App., 20 S.W.2d 142, writ of error refused; Hartford Fire Ins. Co. v. Galveston H. & S. A. Ry. Co., Tex. Com.App., 239 S.W. 919; Johnson v. Employers Liability Assur. Corp., Tex.Civ. App., 99 S.W.2d 979, writ of error refused; Federal Underwriters Exchange v. Doyle, Tex.Civ.App., 110 S.W.2d 618, also Tex.Civ.App., 111 S.W.2d 742; Texas Employers' Ins. Ass'n v. James, 131 Tex. 605, 118 S.W.2d 293.

In other words, since there is clearly sufficient evidence in the record to have sustained them, with none necessarily running to the contrary, and especially if that be deemed necessary in support of its judgment, the trial court, in addition to those recited in its quoted decree, will be deemed to have made these pertinent findings: (1) That these policies not only related exclusively to appellee's operations and employees in the State of Louisiana, but contemplated both performance and construction there; (2) that the law of Louisiana denounced as illegal and void the provisions purporting to relieve the appellee of any liability as an employer to his employees in Louisiana, as might have lawfully been done in Texas; (3) that, as a result of such proscription by the laws of Louisiana, all legal consideration for the appellee's promise to pay the premiums under such Louisiana policies had entirely failed; (4) that the appellant, standing merely in the shoes of a foreign corporation operating in Louisiana without a permit to do such business there, and having no better right than it would have had, and claiming under agreements directly contravening the laws of that state, was without any enforceable right against the appellee.

At the time of the taking out of these policies, by the undisputed evidence, the appellee did not know that appellant's assignor had not so complied with the Louisiana laws as to be competent to write valid workmen's compensation insurance risks located in that state, and, as soon as he discovered the vice in these contracts, he repudiated and required the cancellation thereof.

It follows from what has been said that this case on its facts makes a different one for adjudication than those relied upon by the appellant—most if not all of which rest at last upon the well-settled doctrine that the law of the forum controls; but, as sought to be applied here, that rule is inapplicable in the absence of any showing that these contracts were made in Texas between Texas citizens, as assumed by appellant, and were not at least made in contemplation of, and for actual enforcement in, the State of Louisiana, as indicated supra; hence, the vital element for such an application of the law of the forum to this cause is taken away, making inapplicable any of appellant's able arguments that proceed from that theory; this situation distinguishes the cause at bar from any of those cited by appellant, such as Allgeyer v. State, 165 U.S. 578, 580, 17 S.Ct. 427, 41 L.Ed. 832.

Without further discussion, it follows from these conclusions that an affirmance should be had; it will be so ordered.

Affirmed.