### McCLENNY et al. v. HUMBLE OIL & REFINING CO. et al.

### No. 6110.

Court of Civil Appeals of Texas. Texarkana.

March 29, 1944.

Rehearing Denied April 13, 1944.

Robt. B. Keenan, of Quitman, and LeRoy Neal, of Gladewater, for appellants.

Ramey, Calhoun, Marsh, Brelsford & Sheehy, of Tyler, Florence, Florence & Meredith, of Gilmer, Turner, Rodgers & Winn, of Dallas, Leslie Neill, of Tyler, Jack E. Price, of Longview, Jones & Jones, of Mineola, and Robt. F. Higgins, R. E. Seagler, Dillard Baker, and Rex G. Baker, all of Houston, for appellees.

WILLIAMS, Justice.

In 1917, during the marriage relationship of T. B. McClenny and his wife, Annie, he acquired from T. C. McClenny and wife a 47-acre tract of land out of the Geo. Brewer Survey in Wood County, the land in controversy. Having been acquired during marriage, there being no evidence to the contrary, the tract will be assumed to be the community property of T. B. and Annie McClenny. Art. 4619, Vernon's Civ. Sts. The latter died intestate in 1918. T. B. McClenny joined by his wife, Bessie, he

having married again, under a deed executed by them in 1924 purports to convey the tract with general warranty of title to one Max D. Ray. In 1924, T. B. McClenny and family moved to and at all times since then up to time of trial have resided on a 200-acre distant farm then deeded to T. B. McClenny by Shaw in part payment of the purchase price of the 47-acre tract. Sam Jeffrey acquired the 47-acre tract in 1925 under a deed to him which purports to convey the same in fee simple with general warranty of title. Since his purchase he has continued to use and occupy same. Appellants, Coy Lee McClenny and others, the children of Annie McClenny, deceased, filed this trespass to try title action to recover an undivided 1/2 interest in above tract, naming as defendants Sam Jeffrey, the alleged owner of the fee, Humble Oil & Refining Company, leaseholder, and various owners of royalty and other mineral rights.

■ It is without dispute that each of the defendants purchased their respective interests in the tract for value, and without actual notice of the claimed equitable title of plaintiffs in the tract. Under the controlling point presented, plaintiffs contend that by reason of the recordation of certain deeds and the recitals therein, next herein set out, defendants were visited with constructive notice of the fact that when T. B. McClenny acquired the tract in 1917, his wife was Annie, and that she had died, leaving children, prior to the conveyance in 1924 from T. B. McClenny and wife, Bessie, to Max D. Ray. Such portion of the deed executed by T. C. McClenny and wife pertinent to the question presented, reads:

"Know All Men By These Presents:

"That we, T. C. McClenny and wife, S. C. McClenny * * * for and in consideration of the sum of $2000 to us paid and secured to be paid by *T. B. McClenny* as follows: *One thousand dollars cash in property* paid by *T. B. McClenny* of Hawkins, Texas, and his *T. B. McClenny* (3) vendor lien notes all bearing even date with this deed as follows: Note No. 1 for $334 due Nov. 1, 1918; note No. 2 for $333 due Nov. 1, 1919, and note No. 3 due Nov. 1, 1920, bearing 8% int. from date * * * have granted, sold and conveyed and by these presents do grant, sell and convey unto the said *T. B. McClenny* of Wood County, Texas, all that certain tract of land * * *." (Describing by metes and bounds the 47 acres, and followed with the

habendum and general warranty of title clauses). (Italics ours).

The vendor's lien was retained to secure payment of above notes. This deed, dated August 18, 1917, was acknowledged by T. C. McClenny on the 28th and by his wife on August 18th and recorded in the Wood County deed records September 6, 1917. Under above deed the legal title to the tract was vested in T. B. McClenny with an equitable title resting in Annie McClenny during her lifetime, and after her death in her children, the plaintiffs here. Mitchell v. Schofield, 106 Tex. 512, 171 S. W. 1121.

On January 16, 1923, T. B. McClenny executed and delivered to T. C. McClenny a deed recorded on January 24, 1923, in Wood County deed records, the parts pertinent to this inquiry reading:

"Know All Men By These Presents:— That I, T. B. McClenny * * * for and in consideration of the sum of $350 to me paid by T. C. McClenny * * * have granted, sold and by these * * * do grant, sell and convey unto said T. C. McClenny all my undivided interest in and to the following lots or parcels of land, to-wit:

"Being Lots Nos. 16 and 17 in Block No. 22, per the official map of the town of Hawkins, and for the further consideration of the cancellation of 3 vendor's lien notes executed by T. B. McClenny to T. C. McClenny on August 28, 1917, for the purchase of the following described tract of land, I have granted, sold and conveyed and by these presents do grant, sell and convey unto the said T. C. McClenny * * * all that certain tract of 47 acres of land being a part of the Geo. Brewer survey and being the same land conveyed to me by T. C. McClenny on August 28, 1917 * * * being the same 47 acres."

This deed was signed and acknowledged by T. B. McClenny and his wife, Bessie, and recorded in Wood County deed records January 24, 1923.

On January 16, 1923, T. C. McClenny and wife executed and delivered to T. B. McClenny a deed, recorded on January 27, 1923, in the Wood County deed records, the parts pertinent to this inquiry reading:

"Know All Men By These Presents: That I, T. C. McClenny, of the County of Wood, State of Texas, for and in consideration of the sum of One Thousand Dollars, to me paid, and secured to be paid, by T. B. McClenny as follows: Cash in hand paid being three hundred and fifty

dollars and six hundred and fifty dollars to be paid as follows: One note for two hundred Dollars, being Note No. one, and two notes for two hundred and twenty five dollars each, all of said notes executed by T. B. McClenny and payable to T. C. McClenny all of said notes being given as part payment for the following described tract of land, Note No. one due and payable Nov. the 1st, 1923, Note No. 2 due and payable Nov. 1st, 1924, and Note No. 3 due and payable Nov. 1st, 1925, all of said notes this day executed, have granted, sold, conveyed and by these presents do grant, sell and convey, unto the said T. B. McClenny of the County of Wood, State of Texas, all that certain tract or parcel of land described as follows: Being forty six acres more or less, of the Geo. Brewer Survey * * * and being the same land this day conveyed to me less about one acre by T. B. McClenny said one acre now owned or claimed by R. Carroll * * *."

A vendor's lien on the land was retained in the deed to secure the payment of the notes therein described.

▆▆ In Griggs v. Houston Oil Co., Tex.Com.App., 213 S.W. 261, 263, it is stated:

"Every vendee of land is charged with knowledge of every fact which appears in any instrument in the chain of title through which he claims, and where in the chain of title there appears any statement of fact or other circumstance sufficient to put a reasonably prudent man on inquiry as to the rights of other parties in the property conveyed, the purchaser is charged with knowledge of all facts which would have been discovered by reasonable inquiry."

Under this rule appellants contend that the two 1923 deeds, the first in consideration of the cancellation of the original vendor's lien notes, the second in the reconveyance of the same tract, both executed on the same day, were such as to put a reasonably prudent man on inquiry; that such inquiry if pursued would have revealed that the 1923 deeds constituted a simulated transaction and that such deeds had been executed with the fraudulent purpose to avoid the appointment of a guardian of the minor heirs (plaintiffs) or the appointment of a community administrator.

We need not dwell upon determining whether an inquiry would have revealed that the 1923 deeds were executed under a plan by which a vendor's lien indebtedness could be renewed or recreated, or under a plan by which T. B. McClenny conveyed Lots Nos. 16 and 17 in Block 22 in part payment on the original notes to obtain an extension of payment on the remainder. The recitals in the 1923 deeds contain no suggestion of a former marriage of T. B. McClenny. The recitals in the 1923 deeds reflect that Bessie was the wife of T. B. McClenny. Bessie, as the wife of T. B. McClenny, joined him in his conveyance of the tract in 1924 to Shaw. The recital in the 1917 deed that T. B. McClenny had paid "$1,000 in property" as a part of the consideration for the tract is foreign to any suggestion as to the marital status of T. B. McClenny. Neither the 1917 deed which conveyed the tract originally to T. B. McClenny, nor the 1923 deeds or any other deed in this chain of title contain any recital which suggests a former marriage of T. B. McClenny. Plaintiffs make no claim that any recital in any of above instruments reflects a former marriage of T. B. McClenny. It is therefore concluded that the recitals in the chain of title were insufficient to impart constructive notice of the marital status of T. B. McClenny in 1917, or that the recitals were such as to put a prudent person on inquiry. 43 T.J. p. 650; 26 T.J. p. 498, Sec. 61; Neyland v. Texas Yellow Pine Lumber Co., 26 Tex. Civ.App. 417, 64 S.W. 696; Gilmer's Estate v. Veatch, 102 Tex. 384, 117 S.W. 430; Houston Oil Co. v. Lane, Tex.Civ.App., 200 S.W. 216, 224; Brown v. Stumpff, Tex.Civ.App., 123 S.W.2d 806; Griggs v. Houston Oil Co., supra; Clayborn v. Gambill, Tex.Civ.App., 87 S.W.2d 508, writ refused.

▆▆ Plaintiffs in their second point complain of the exclusion of the proffered evidence of T. B. McClenny wherein he sought to attack the bona fides of the transaction involving the execution of the two 1923 deeds. The objections urged were that such oral testimony was hearsay as to appellees, immaterial and an attempt to disparage the title which T. B. McClenny had theretofore conveyed off. A discussion as to the validity of the last objection is pretermitted. As to the first two grounds urged, it is thought that the authorities above cited and the conclusion hereinabove reached are decisive of the inadmissibility of this proffered testimony.

The judgment is affirmed.