GITTINGS, NEIMAN–MARCUS, INC., Appellant,

v.

Johnnye Pat ESTES et al., Appellees.

No. 4287.

Court of Civil Appeals of Texas.

Eastland.

March 14, 1969.

Rehearing Denied April 18, 1969.

Vinson, Elkins, Weems & Searls, Houston, Bradbury, Tippen & Brown, Abilene, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Hudson Smart, Abilene, for appellees.

GRISSOM, Chief Justice.

Gittings, Neiman-Marcus, Inc., sued Johnnye Pat Estes and Fred M. Newman on a guaranty contract. Plaintiff also sued Pant De Ville, Inc., on its rental contract, performance of which was alleged to have been guaranteed by Estes and Newman "doing business as Estes Properties." In a trial to the court, judgment was rendered that plaintiff take nothing against Estes and Newman. The plaintiff obtained a judgment for rent against its sub-lessee, Pant De Ville, Inc. Plaintiff, who will hereafter be called Gittings, has appealed from that part of the judgment which denied it recovery against Estes and Newman on their alleged contract to guarantee payment of Pant De Ville's rent.

In November, 1959, Gittings leased a store building in Dallas from Cedar Springs-

Fairmount Corporation. Thereafter, Gittings subleased the building to Pant De Ville. Following the end of the written sub-lease there appears the following:

"Countersigned and guaranteed by Fred M. Newman,
Independent Executor and Attorney in Fact for
Estes Properties

VAUGHN ROZELLE, Realtor      /s/   Fred M. Newman
       Principal Agent             Fred M. Newman

/s/   Vaughn Roselle                (SEAL)
BY

    Members of Dallas Real Estate Board

APPROVED: Hamilton Highlands
                  Apts., Inc., Owner

By

/s/   Ava Johnston, Secy.–Treas."

---

The sub-lease was signed by the "Landlord", "Gittings, N-M, Inc.", by Paul Linwood Gittings, its president, and by the "Tenant", Pant De Ville, Inc., by H. Wayne Boen, its president, and Fred M. Newman, its secretary-treasurer.

Plaintiff alleged it sub-leased the store building to Pant De Ville and that payment of Pant De Ville's rent was guaranteed by Estes and Newman "doing business as Estes Properties" and that the guaranty was executed by Newman, who was authorized to do so by a written power of attorney.

Doctor Estes pleaded the Statute of Frauds, as a defense. He alleged there was no writing sufficient to comply with the statutes; that the instrument was insufficient to create a guarantor's obligation to pay the rent of Pant De Ville; that he had no partnership with Newman; that he did not execute an assumed named certificate, (one was later executed by Newman,) and that the power of attorney which Gittings alleged it relied upon did not authorize Newman to bind Estes to pay Pant De Ville's rent; that Gittings was not entitled to rely thereon; that Newman executed the guaranty only as "Independent Executor and attorney in fact for Estes Properties"; that Estes Properties was not identified so as to bind Doctor Estes; that the power of attorney upon which Gittings alleged it relied, showed Newman had no power to bind Estes as a guarantor of Pant De Ville's rent, or to make him liable for the debt of another, and plaintiff was not entitled to rely thereon and that the assumed name certificate was executed by Newman alone long after execution of the sub-lease and the guaranty here sued on.

Appellant's points are that the court erred (1) in holding the power of attorney did not authorize Newman to guarantee performance of Pant De Ville's rent contract so as to bind Doctor Estes, and (2) that, if Newman acted outside his authority in executing such guaranty, the court erred in not holding him liable for said rent because he acted in excess of his authority.

■ Gittings alleged Estes was liable for the rent only by virtue of said power of attorney. We think the power of attorney clearly did not authorize Newman to bind Estes to pay said rent. Introduction of the power of attorney was objected to by Estes on the ground that it showed on its face that it did not give Newman authority to bind Estes to answer for the debt of another. It did grant broad powers

to Newman. It authorized him to take possession of Doctor Estes' property and handle it in such manner as would obtain the largest return consistent with good business practices. However, it nowhere authorized Newman to bind Estes as a guarantor of the debt of another. Appellant depends upon its 21st paragraph for a grant of such authority. It does contain a statement that Estes was aware of the strict construction given powers of attorney and that he had given Estes all the powers he would have if he were present, intending to vest in him a full and universal power of attorney. Gittings says the sole question is whether the language used is sufficiently broad to allow Newman to bind Estes for payment of Pant De Ville's rent and that this is a question of law. It says that, under the authority of Veatch v. Gilmer, Tex.Civ.App., 111 S.W. 746, affirmed 102 Tex. 384, 117 S.W. 430, it is clear that Newman did have the power to bind Estes as a guarantor of said debt. We hold that the power of attorney did not authorize Newman to bind Estes to pay said rent. Doctor Estes employed Newman as manager of his property. The written employment contract authorized Newman to take charge of his property and look after all matters incident to its management, operation and maintenance, endeavoring to cause his property to return the maximum amount of income consistent with good business management principles. However, Gittings alleged it relied on said power of attorney. But, its evidence showed that its representative never saw nor asked to see either the power of attorney or the employment contract or even knew thereof.

Since the decision in Reese v. Medlock, 27 Tex. 120, wherein the attorney was authorized "to sell, transfer and convey all lands that I may have in the said State of Texas, and generally to do and to perform all acts and deeds for me and in my name concerning any and all property that I now own in said State of Texas, and I do hereby ratify and confirm all the acts and doings of my said attorney legally done in the premises" it has been settled that the nature and extent of the authority granted must be ascertained from the instrument itself; that such a broad power of attorney did not authorize the attorney to barter or exchange the principal's land and that such instruments are strictly construed to limit the authority of the attorney in fact.

In Gouldy v. Metcalf, 75 Tex. 455, 12 S.W. 830, 831, the court said:

"The language used in the grant of general power is certainly very comprehensive, but the established rule of construction limits the authority derived by the general grant of power to the acts authorized by the language employed in granting the special powers. 'When an authority is conferred upon an agent by a formal instrument, as by a power of attorney, there are two rules of construction to be carefully attended to: (1) The meaning of general words in the instrument will be restricted by the context, and construed accordingly. (2) The authority will be construed strictly, so as to exclude the exercise of any power which is not warranted either by the actual terms used, or as a necessary means of executing the authority with effect.'"

It is evident that under such rules, particularly that limiting the effect of the words of a general grant by their context, said power of attorney did not authorize Newman to bind Estes for payment of said debt. Veatch v. Gilmer, Tex.Civ.App., 111 S.W. 746, affirmed 102 Tex. 384, 117 S.W. 430 and Dockstader v. Brown, Tex.Civ. App., 204 S.W.2d 352, (Writ ref. n. r. e.), cited by appellant, do not deal with a power of attorney that sets out both specific and general powers, as the power of attorney here does, and are not controlling. The general words granting authority in paragraph 21 are restricted and limited by their context. The preceding paragraphs are concerned with taking possession of the property of the principal and its day by day

management, with power granted Newman to borrow money, mortgage, sell, rent and repair. Paragraph 21 was intended to confer upon Newman authority to do what was necessary to carry out the powers theretofore expressly granted. We hold that neither the power of attorney nor the employment contract authorized Newman to bind Estes as the guarantor of Pant De Ville's rent, even if the guaranty contract had purported to bind Estes, instead of "Estes Properties." But, the guaranty shows on its face that it was "counter signed and guaranteed by Fred M. Newman only *as independent executor and attorney in fact for Estes Properties.*" It did not purport to bind either Estes or Newman. There was no such legal entity as "Estes Properties." Newman had not then executed the assumed name certificate. Gittings did not look at the power of attorney or employment contract nor inquire as to their contents and had no statements relative thereto on which it could rely to its detriment. No one would argue that as independent executor of the estate of Doctor Estes' mother Newman was authorized to bind Doctor Estes, or said Estes estate, for payment of Pant De Ville's rent. Neither the employment contract nor the power of attorney authorized Newman to make such a contract. Here, on the face of the guaranty Newman purported to bind "Estes Properties," not Doctor Estes nor himself. He had no power of attorney to act for "Estes Properties." Gitting's testimony, so far it is here pertinent, was simply that some one told his realtor that the Estes estate was worth a million dollars. If Gittings relied upon the power of attorney, as it alleged, then said power of attorney, on its face, was insufficient to authorize Newman to bind Doctor Estes to pay the rent of Pant De Ville. The sub-lease showed that "Gittings-N-M, Inc.," the "Landlord", was acting through Paul Linwood Gittings, its president, and that Pant De Ville, Inc., was acting through its president, Boen, and Fred M. Newman, its secretary-treasurer. It showed on its face that the sub-lease was executed for Pant De Ville by Newman as its secretary-treasurer. It is evident that Newman, secretary-treasurer of Pant De Ville, and Newman, attorney in fact for Doctor Estes, if he had purported to bind Estes to guarantee the rent of Pant De Ville, was acting in conflicting capacities with conflicting interests. This was all Gittings said. This put Gittings on notice that Newman could not thus bind Estes on a contract to pay the rent of Newman's corporation. Under the circumstances, the court properly found for Estes and Newman.

A principal is not bound by contracts made by his agent even within his general scope of authority, when it is plainly adverse to the interest of his principal and the contracting third party has notice thereof. 3 C.J.S. Agency § 253, p. 184; Sanford v. Remington-Rand, 64 S.W.2d 797; Central West Casualty Co. v. Stewart, 248 Ky. 137, 58 S.W.2d 366, 367. A principal is not bound by contracts of his agent beyond the scope of his actual and apparent authority. 3 C.J.S. Agency § 242 p. 166. A contract against the interests of the principal cannot be enforced by a party who was aware of its fraudulent character. 3 C.J.S. Agency § 226, p. 136; 2 Tex.Jur.2d p. 623, Sec. 178. See also 3 C.J.S. Agency § 208, p. 115; First State Bank of Roby v. Hilbun, Tex.Civ.App., 61 S.W.2d 521; 2 C.J.S. Agency § 103, p. 1241; Holmes v. Tyner, Tex.Civ.App., 179 S.W. 887; Keen & Woolf Oil Co. v. Fulenwider, Tex.Civ. App., 284 S.W. 322; Miers & Rose v. Trevino, Tex.Civ.App., 213 S.W. 715. Mr. Gittings, who represented appellant, is bound to have known and realize that Newman, as independent executor of Mrs. Estes' estate, could not bind that estate as a guarantor of the debt of another, particularly the debt of a corporation for which he knew Newman was acting. If he had looked at the employment contract and the power of attorney, he would have known that Newman had no such authority. The guaranty contract was sufficient to advise him that Newman, the secretary-treasurer of Pant De Ville, could not thus

bind Estes. The only investigation Gittings made is shown by Mr. Gittings' testimony that his realtor assured him the Estes estate had a million dollars worth of assets and that he had his bank investigate the financial responsibility of Estes and Newman and his bank assured him that the "ESTES ESTATE could sustain the lease." He testified he relied on the fact that payment of rent was guaranteed by Newman "as independent executor and attorney in fact for Estes Properties." Gittings also testified that he relied upon representations that the lease was with Newman and Estes Properties. The contract he signed showed the contrary. The sub-lease shows on its face that the contract was between Gittings and Pant De Ville two corporations, and that payment of the rent was purported to be guaranteed by "Estes Properties", acting through Newman as independent executor and attorney in fact for "Estes Properties." Gittings testified that his conversations with Newman were had after Pant De Ville defaulted in payment of rent. Gittings' agent, Rozelle, testified merely that he got information from "either" Newman or Boen, the president of Pant De Ville, that the Estes estate was worth a million dollars and otherwise, he had no information and that no other information was furnished to him by either Newman or Boen. Rozelle testified that either Newman or Boen told him the Estes estate was worth a million. Rozelle testified that he was not furnished with any written evidence of Newman's authority.

We conclude that the evidence did not conclusively show Newman was authorized to so bind Estes. Appellant's contentions must be based upon the assumption that facts establishing appellees' liability were conclusively proven. The facts were submitted to the court. There are no findings of fact or conclusions of law. All fact questions, if any, necessary to support the judgment are presumed to have been found so as to support the judgment. The instrument sued on shows on its face that

Newman was an officer of the sub-lessee, Pant De Ville, and, as such, that he could not bind Estes or said estate to pay his corporation's debt. The judgment is affirmed.